THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant, *v.* JOHN M. CAUFFMAN, Appellee.

### APPEAL FROM BUREAU.

If a party is guilty of negligence, or the want of ordinary care, and allows stock to run in a highway near a railway crossing, he cannot recover for injuries received by such stock, although the servants of the railway company may also have been guilty of negligence.

A railroad has the right to the use of its track as well at highway crossings as elsewhere, and no person has the right to have animals stand or come upon a railroad track at or near a crossing, so as to come in collision with a train, thereby endangering human life; and if he is negligent in this regard, provided those in charge of the train ring the bell or sound the whistle as required, his carelessness contributes to any loss he may sustain, and he cannot recover; moreover he would be liable for any damage which might accrue to persons on the train in consequence of such neglect.

IT appeared from the testimony of appellee's witnesses, that the train struck some colts on a crossing; three of them were struck by the train and killed. The colts ran some distance near the track, and the three that were killed wheeled upon the track. The colts were feeding near the crossing, but in the highway. The witnesses either called it a freight train, or thought it to be so. The whistle sounded some rods before reaching the crossing, as these witnesses say, from twenty to ten rods. They also say the colts could have been seen from the train some seventy rods off.

The engineer and fireman testified for appellant, that they saw the colts from forty to eighty rods off, that they passed off the track which was left clear, that three of them suddenly turned upon the track and were killed. That there were trees to obstruct a view of the track—that the bell was rung for some distance, eighty rods or more. That the whistle was

sounded for the brakes to be put on, and the steam was turned off.

The fireman swears that the bell was rung more than eighty rods from where the colts were killed. The witnesses for the plaintiff did not hear the bell ring.

A passenger testified that the bell was ringing, that he saw the colts running near the track and attempting to cross, but that the view was sometimes obstructed by bushes. That the whistle sounded, and that the speed of the train was checked. The accident occurred in the middle of the day. The railroad was fenced and cattle guards put in, as the law requires.

WALKER, VAN ARMAN & DEXTER, for Appellant.

Three instructions were given by the court, on behalf of the plaintiff below, to the jury, every one of which is erroneous, for the reason that the jury are instructed that they are to find and make up their verdict upon their belief, without in any manner requiring such belief in any the slightest degree to be founded upon the evidence in the cause. *Ewing* v. *Runkle*, 20 Ill. 464; *Galena & Chicago U. R. R. Co.* v. *Jacobs*, 20 Ill. 485; *Matthews* v. *Hamilton*, 23 Ill. 475.

The first instruction on behalf of appellee, was also erroneous, for the reason that it instructs the jury in substance that the plaintiff below need not show affirmatively that the damage was not the result of his own carelessness. The onus was upon the plaintiff to show affirmatively that his own carelessness did not produce the injury. 16 Ill. 198, 300, 557; 17 Ill. 131, 541, 581; 18 Ill. 361; 2 Chip. (Vt.) 128; 2 Pick. 621; 12 Pick. 177; 4 Miss. 422; 6 Cow. 189; 2 Tann. 314; 11 East, 60.

To authorize a recovery, the appellee should have alleged reasonable care and caution on his part, and maintained such allegation with evidence upon the trial. A failure to do either is fatal, and both may be taken advantage of by the appellant in this court. *C. B. & Q. R. R.* v. *Hazard*, 26 Ill. 373; *G. & C. U. R. R.* v. *Sumner*, 24 Ill. 631; *Ohio & M. R. R.* v. *Brown*, 23 Ill. 96.

If the appellant were guilty of carelessness in neglecting,

Chicago, Burlington and Quincy R. R. Co. *v.* Cauffman.

and did neglect to ring the bell, there is no evidence to show that the injury resulted in any degree from such circumstance. It was indispensable that the appellee should have shown this upon the trial. *Galena & Chicago U. R. R. Co.* v. *Loomis*, 13 Ill. 548.

The testimony in the case clearly shows that there was no carelessness on the part of the appellant, and that the bell was rung as the law requires. *Chicago & R. I. R. R. Co.* v. *Still*, 19 Ill. 499.

J. I. TAYLOR, for Appellee.

Appellant was bound to carry a bell and whistle on the train, and ring or sound one of these continually for eighty rods before reaching the crossing, and in case of neglect is liable for all damages resulting from such neglect. Black. Stat. p. 948, sec. 38; *C. & R. I. R. R. Co.* v. *Reid*, 24 Ill. 145.

The question involved is one of negligence, which is a matter of fact, depending on the surrounding circumstances, and which must be left alone for the jury to determine. *G. & C. U. R. R. Co.* v. *Dill*, 22 Ill. 271.

The liability of the appellant in this case must depend on the circumstances attending the killing of the colts, and the court will rarely, if ever, disturb a verdict, when there is any evidence in the record tending to support the verdict of the jury. *Young* v. *Silkwood*, 11 Ill. 36.

The evidence in this case is contradictory, and the testimony of the witnesses for the appellant, considered with the testimony of the witnesses for the appellee, to say the least, is inconclusive and debateable, and the same has been passed upon by a jury, and the Circuit Court having refused to grant a new trial, this court will not make such refusal of the Circuit Court a ground for reversing the judgment. *Evans* v. *Fisher*, 5 Gilm. 569.

The weight of the testimony must be determined by the jury, and the court will not in such case disturb their verdict, unless it strikes the mind at first blush as palpably and flagrantly contrary to the law and evidence. 5 Gilm. 72; 1 Scam. 532; 3 Scam. 17—97.

Appellant cannot be justified even by showing that the bell was rung; if the bell could not be heard, they were bound to sound the whistle, and use all other means, to prevent the collision. 1 Am. Railway Cases, p. 450.

CATON, C. J. This was an action on the case for killing three colts, at a railroad crossing, by a train of defendants. No question was raised as to the sufficiency of the fence or cattle-guards. Among others, the following instruction was given for the plaintiff, which was excepted to:

"The jury must determine as to the credit due to the several witnesses who have testified in this case, and if the jury believe that there is a conflict of the testimony between the witnesses for the plaintiff, and the witnesses Cooley and Sweetland, it is proper for the jury to consider the relation of said witnesses, Cooley and Sweetland, to the defendant; the contradictions of each other, (if any) in their respective statements about the ringing of the bell in question, and putting down the brakes; the fact (if proved) that the witness Cooley was engineer on the engine and cars in question, and liable to the defendant for negligence in directing said engine; and the fact (if proved) that he has been released by the defendant to enable him to swear as a witness in this case; and if upon the testimony the jury are in doubt as to the correctness of the statement made by said Cooley and Sweetland; and the jury believe, from the weight of all the testimony, that the colts in question were killed on the crossing of a public highway by defendant's engine, as charged in the plaintiff's declaration, and that said colts were the property of the plaintiff; and the jury believe such killing might have been avoided by the exercise of ordinary care by the servants of defenda directing said engine, they will find for the plaintiff."

This is not easily understood from the confused and inartificial manner in which it is drawn. In the concluding part of it, however, this principle is clearly laid down, that if the plaintiff's colts were killed at the road-crossing by the defendant's engine, and that the accident might have been avoided by ordinary care on the part of those in charge of the

train, then they must find for the plaintiff, no matter of what degree of carelessness the plaintiff might have been guilty, in leaving his colts on the track. This is not the law, as we have often held. If the plaintiff was guilty of negligence, or the want of ordinary care, in allowing his colts to run in the road near this crossing, considering their want of capacity to appreciate the danger of standing on the track, or their liability to become frightened and then attempt to cross the track in front of an approaching train, which the proof shows they did here, then the plaintiff could not recover, although the servants of defendant may have been guilty of negligence also.

The following instruction asked for the defendant, was refused :

" The defendant has a right to use its railroad and run its cars thereon without obstruction, and the plaintiff's horses had no right to be standing on the track of said railroad, or passing over the same, at a crossing, in the way of an approaching train ; provided, the usual signal on approaching a crossing, by sounding the whistle or ringing the bell at least eighty rods from such crossing, was observed by the defendant, or its servants, having the management of such train."

We are unable to perceive anything wrong in this instruction, and think it should have been given. The defendant certainly had a right to the use of its track, at the road-crossings as well as at other places, and the plaintiff had no right to have his horses stand upon the track, or to jump across it, or pass over it in the way of, or so as to come in collision with, an approaching train, provided those in charge of the train had rung the bell or sounded the whistle, as the law requires. It is due to the traveling public, and the safety of human life requires, that the owners of stock should not be encouraged to allow it to stand or lie upon a road-crossing on a railroad track. Suppose the owner of stock should herd it at night in the road at such a crossing, knowing the propensity of cattle to lie down in the dust, or on bare ground, instead of on the grass, especially in warm nights, and an animal lying on the track should be killed, would any sane man say his own carelessness did not contribute to the loss? On the contrary, the

law would hold him responsible for any damage which might accrue to the train, or persons upon it, resulting from such reckless or criminal carelessness. This instruction should have been given.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*