Rockford, Rock Island and St. Louis Railroad Co.

*v.*

Lucinda Rafferty.

1. Negligence—*facts showing negligence of railroad company in killing a cow on its track.* Where a cow is killed upon a railroad track by a passing train, if she was in plain view of the engine-driver and fireman in charge of the train, and was seen, or could have been seen by them by the use of ordinary care, in time to have slackened the speed of the train and avoided the accident, and no efforts were made in that direction, this will be such negligence as renders the company liable.

2. Same—*whether plaintiff allowing his cow to run at large is guilty.* It being lawful for animals to run at large upon the commons, the owner of a cow, who lives in the country, and turns her out upon the commons, from whence she strays upon a railroad, on a public crossing, and is killed by a train, will not be guilty of negligence on his part.

3. Same—*need not be wilful.* A railway company, in the running of its trains, is liable for stock killed upon its track which results from want of ordinary care and diligence. It is not necessary that the killing should be wanton, or wilfully done by its servants.

4. Error will not always reverse—*improper instructions.* In a suit against a railway company for the killing of a cow, where there was no negligence imputable to the plaintiff, and consequently the doctrine of comparative negligence was not involved, an instruction which states the rule in such case incorrectly will not be such an error as to reverse a just judgment.

5. Evidence—*relevancy.* In an action against a railway company to recover the value of a cow killed through negligence by a passing train, evidence on the part of the plaintiff that there was much trouble in the vicinity, with the company, about the right of way, is clearly improper, yet a proper and just judgment will not be reversed for so trivial an error.

Appeal from the Circuit Court of Knox county; the Hon. Arthur A. Smith, Judge, presiding.

Mr. John J. Glenn, for the appellant.

Mr. Willoughby, and Mr. H. M. Brown, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action, brought by Lucinda Rafferty, against the Rockford, Rock Island and St. Louis Railroad Company, to recover the value of a cow killed on the track of the railroad, on the 2d day of June, 1871.

The cause was tried before a jury, and resulted in a verdict in favor of appellee for the value of the cow. A motion for a new trial was overruled by the court, and judgment rendered upon the verdict.

The railroad company brings the record here by appeal, and insists upon a reversal of the judgment, first, on the ground that the verdict is manifestly against the weight of evidence; second, that the court erred in giving appellee's first instruction and refusing appellant's second instruction.

Appellee's cow was killed at a railroad crossing, and it devolved upon her to show that the animal was killed through the negligence of the servants of appellant.

Appellee, in order to establish the issues on her part, called two witnesses, who were near the crossing at the time of the accident, and they testified the bell was not rung, neither was the whistle blown, as the train approached the crossing; that the cow might have been seen at the distance of one mile by the servants of appellant in charge of the train; that the train was running up grade, no effort was made to slacken the speed of the train, and that no brakeman was to be seen upon the train. On the other hand, evidence was introduced by appellant which tended to contradict the facts attempted to be established by appellee.

This left the evidence before the jury conflicting, and it was their duty to reconcile and harmonize it so far as practicable.

This they did, and, in so doing, it is apparent, from the verdict, they placed greater reliance upon the evidence introduced by appellee than that produced by appellant. In disposing of the conflicting testimony, this was within their province, and we can not disturb the verdict of the jury, founded upon contradictory evidence, unless it should appear to be clearly and manifestly against the weight of evidence. Such is not the condition of this record.

If appellee's cow was in plain view of the engine-driver and fireman in charge of the train, and was seen, or if, by the use of ordinary care and precaution, she could have been seen in time for the speed of the train to have been slackened and the accident avoided, and no efforts were made whatever in that direction, it can not reasonably be pretended but this would be negligence for which a recovery might be had.

The first instruction given for appellee, to which exception was taken, was as follows:

"The jury are instructed that, if they find, from the evidence, that the cow of the plaintiff was killed upon the railroad track of the defendant, at a public crossing of said road, by the negligence of the defendant, or the engineer of a train of said road, in not using proper endeavors to stop said train or to frighten away the cow of the plaintiff; if said cow was on or near the track of the defendant, at or near the highway, and was seen, or could have been seen by the engineer by the use of proper care, they should find for the defendant, unless the plaintiff was guilty of negligence that contributed to the accident, in which case the negligence of defendant must have been gross when compared with plaintiff's."

The objection taken to this instruction is, that it does not correctly state the law in regard to comparative negligence. The objection is, no doubt, well taken. Under the instruction, as given, the negligence of appellee may have been gross, yet, if appellant's negligence was gross, a recovery might be had. The correct rule is, the negligence of the plaintiff must be

slight and that of defendant gross. This doctrine of compara-
tive negligence is well settled.

But the doctrine of comparative negligence does not arise
upon this record, and, although the instruction is incorrect in
that respect, we can not regard that as a sufficient ground upon
which to reverse the judgment. *Chicago, Burlington and
Quincy Railroad Co.* v. *Dickson,* 63 Ill. 151.

It is, however, insisted by appellant that appellee was guilty
of negligence in permitting the cow to run at large, and, there-
fore, the question of comparative negligence does arise, and,
in support of this position, we are referred to the following
cases : *Chicago, Burlington and Quincy Railroad Co.* v.
*Cauffman,* 28 Ill. 513; *Illinois Central Railroad Co.* v.
*Phelps,* 29 ib. 447; *Same Company* v. *Goodwin,* 30 ib. 117;
*Galena and Chicago Union Railroad Co.* v. *Griffin,* 31 ib.
303. The first case cited came before this court a second time,
and is reported in 38 Ill. 425. It was an action to recover for
colts killed on a railroad crossing, which were running at large
on the commons, and it was there expressly held that it was
not negligence for the owner to permit his stock to run at
large. The court use this language: "The colts were running
at large, it is true; but it has been the settled law of this State
for many years that individuals may permit their stock to run
on the commons and on the highways of the country, and, in
doing so, they are guilty of no wrong." Again, it is said in
this case defendant in error had the right to permit the colts
to run at large, and, in doing so, was guilty of no negligence.

Each of the other cases cited is where parties permitted
stock to run at large in an incorporated town or village where
the railroad company had a depot and side-tracks, and were
thus constantly exposed to danger. Such was held to be negli-
gence.

The doctrine announced in the case of *Chicago, Burlington
and Quincy Railroad Co.* v. *Cauffman,* cited *supra,* was
affirmed in the case of *Illinois Central Railroad Co.* v. *Baker,*
47 Ill. 295, in which case it is said: "If, by the use of ordi-
nary care and diligence, animals on a railroad track can be

saved from injury, it is the duty of the company to employ that degree of care. If they do not, they are liable. No other rule would afford sufficient protection to animals which are lawfully on a railroad track, as this court has so often decided they are, if they get upon it from the range or commons."

It appears, from the evidence in this case, that appellee lived about one mile from the railroad, in the country, and that the cow which was killed had been turned upon the commons.

We fail to see that negligence can be imputed to the conduct of appellee, and, therefore, the question of comparative negligence did not arise in this case.

The instruction of appellant which the court refused was as follows:

"The jury are instructed that, before the plaintiff can recover in this case, she must prove, by a preponderance of evidence, that the defendant, or its agents, wantonly or wilfully killed the plaintiff's cow, when the killing, or collision, could have been avoided."

This instruction entirely ignores the doctrine that a railroad company, in the running of its trains, may be liable for stock killed upon its track, which results from the want of ordinary care and diligence, and for that reason it was properly refused. *Illinois Central Railroad Co.* v. *Middlesworth*, 46 Ill. 499.

It is also insisted the court permitted improper evidence. The question propounded to a witness, and answer to the same objected to, were as follows: "Most every person up that way had trouble about the right of way, havn't they? Yes, that is the general trouble."

While this evidence was clearly improper, and the court should not have permitted it to go to the jury, yet we are satisfied no intelligent jury could be influenced by it, and we can not reverse for causes so trivial in their character.

Perceiving no material error in the record, the judgment will be affirmed.

*Judgment affirmed.*