## Chicago and Alton Railroad Company

### *v.*

### Jonathan R. Saunders.

Negligence—*keeping railroad fences in repair*. Where a railroad company is required to keep its track fenced, and a breach is made in the fence by parties not in the employ or under the control of the company, and the company have no knowledge of such breach, and there are no circumstances showing that it was authorized to anticipate the breach being made, and by reason of such breach stock gets upon the track and is killed before the company have had a reasonable time to learn about the breach, the company will not be liable; and a covenant or condition, in a deed conveying land to the company for its track, to fence the same, will not add to the defendant's liability under the statute.

Appeal from the Circuit Court of Sangamon county; the Hon. Charles S. Zane, Judge, presiding.

This was an action on the case, by Jonathan R. Saunders, against the Chicago and Alton Railroad Company, to recover damages for the killing of plaintiff's horses on defendant's road.

It was admitted, on the trial, that the defendant corporation owned the road formerly known as the Chicago and Mississippi railroad, and succeeded to its property.

The plaintiff read in evidence a deed, dated September 15, 1852, from Jonathan R. Saunders and wife to the Chicago and Mississippi Railroad Company, in and by which Saunders, for the consideration of $90 and of the covenants of the grantee, sold and conveyed to said company, and its successors and assigns, fifty feet on each side of the track of said railroad where the same runs through the west half of the south-west quarter of section 14, township 16, range 5 west of the third principal meridian. This deed states that it is made subject to certain covenants by the grantee, one of which is as follows: "It is understood that said company shall fence each side of the herein conveyed strip of land, within a reasonable time after being so requested to do by the party of the first part." The deed was executed only by Saunders and wife.

The jury returned a verdict in favor of the plaintiff for $700, upon which the court rendered judgment, refusing a motion by the defendant for a new trial.

Messrs. Hay, Greene & Littler, for the appellant.

Messrs. Herndon & Orendorff, for the appellee.

Per Curiam: The evidence does not show negligence by the defendant's servants in running and operating its train, whereby the plaintiff's horses were killed. From the evidence, they seem to have done all that could have been done, after the peril of the horses was discovered, to have reasonably avoided injuring them.

19—85th Ill.

The horses got upon the track through an opening made in the fence by persons in the employ of the Springfield and Northwestern Railroad Company. This occurred late in the evening of Saturday, the 22d of November, 1874, and the horses were killed by a freight train passing north, about 12 o'clock the same night. There is no evidence that any employee of the defendant was aware of the breach in the fence; and we do not think the circumstances proved are such as authorized them to anticipate the breach being made at that time. On the principle announced in *Illinois Central Railroad Co.* v. *Swearingen*, 47 Ill. 206, there was no right to recover.

The covenant in the deed does not add to the defendant's liability under the statute, and does not affect the principle.

The judgment is reversed and the cause remanded.

*Judgment reversed.*