THE INDIANAPOLIS AND ST. LOUIS RAILROAD COMPANY

*v.*

DAVIS S. HALL.

RAILROADS—*duty of company as to keeping fence in repair.* Where a railroad is enclosed by a sufficient fence, and a casual breach occurs therein, without the knowledge or fault of the company, and through such breach stock get upon the track and are injured, the company is not liable unless it has had a reasonable time to discover such breach, or has been notified and fails to repair before the injury occurred.

APPEAL from the Circuit Court of Edgar county; the Hon. O. L. DAVIS, Judge, presiding.

Mr. R. N. BISHOP, and Mr. C. V. JAQUITH, for the appellant.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This suit was brought before a justice of the peace in the county of Edgar, by Davis S. Hall, plaintiff, and against the Indianapolis and St. Louis Railroad Company, defendant, resulting in a judgment for the plaintiff. On appeal to the circuit court the case was tried by a jury, who found for the plaintiff, on which the court rendered judgment, overruling a motion for a new trial. To reverse this judgment the defendant appeals, and insists that the verdict is against the law and the evidence, and that an instruction asked by defendant should have been given.

The case shows killing a cow and heifer of the value of fifty-five dollars, the property of the plaintiff, at a railroad crossing where the company was not required to build a fence. The weight of the testimony is, the cattle were killed upon the crossing, and no proof of any negligence whatever on the part of the company, and everything was done that could be done to avoid the accident.

There was proof that the fence separating the field in which the cattle were kept was examined the evening before the accident, and found to be in good condition. The next morning the fence was found down and the cattle lying inside of the fence dead. There was evidence tending to show the posts were rotten, but we think the evidence supports the idea, the fence, on the evening before the accident, was in good repair. This was due diligence on the part of the company, on the authority of *Illinois Central Railroad Company* v. *Swearingen,* 47 Ill. 206, where it was said, when a railroad is enclosed by a sufficient fence, and a casual breach occurs therein, without the knowledge or fault of the company, and through such breach stock get upon the track and are injured, the company are not liable unless they have had a reasonable time to discover such breach, or have been notified, and failed to repair before the injury occurred.

On the evening of Sunday an employee of the company

24—88 ILL.

passed along the road and examined this fence, and found it in good repair. On the next Monday morning these cattle were found to be killed, the fence having the appearance of having been torn down or pushed down by some object striking it.

This is not a case to charge the company for the damages. The instruction asked by defendant, and refused, should have been given.

The judgment is reversed, and the cause remanded

*Judgment reversed.*