Owen, J.
I. The instruction, requested was properly refused. The evidence tended to show that for a long time prior to the accident, and while the horse was running in the adjoining field, the fence was in a defective, unsubstantial condition, and insufficient to turn stock. The jury was at liberty so to find.. This request called upon the jury to say that, notwithstanding this condition of the fence, if “ by some accident, without the defendant’s knowledge, the fence became otherwise defective, by which means the horse got upon the railroad track and was killed, then in this action the plaintiff can not recover.” The hypothesis of a sufficient fence 'was not submitted by this request. It assumed that the fence was defective.
The expression, “ otherwise defective,” unmistakably referred to the opening left by the top board of the fence becoming detached recently prior to the accident, through which the horse passed. The j ury was asked to say that as the plaintiff’s stock had not passed over this fence before this accident, though for a long time in the adjoining field, it was shown to be sufficient to turn stock, so far as the defendant’s duty to the plaintiff was concerned, and that the special defect occurring without defendant’s knowledge, it was not liable. If the defendant was not entitled to this instruction in the very form in which it was requested, there was no error in refusing it.
The j ury was at liberty to find from the evidence that the very defect by reason of which the horse passed over the fence and upon the track was attributable to the generally defective condition of the fence. Yet under the instruction requested, if they had so found, they must have found for the defendant, in spite of its neglect to maintain a sufficient fence.
There is nothing in this view, nor in the case of Railway v Smith, 38 Ohio St. 410 (which holds that a railroad company can not escape responsibility for a defective fence, *274 by showing that it had no notice of its actual condition), which would charge a railroad company, in the entire absence of negligence, with the consequences of defects in its fence. T. & W. R. R. Co. v. Daniel, 21 Ind. 258; Chi. & Al. R. Co. v. Saunders, 85 Ill. 288; Davis v. C. R. I. & P. R. Co., 40 Ia. 292.
II. The reasoning in support of the claim that the petition failed to state facts sufficient to constitute a cause of action, is that section 3324 Revised Statutes, which required railroad companies to fence their right of way, and gave six months after the construction of their railroads to build the fences, was repealed by an act which took effect April 20, 1881. That, as the plaintiff’s horse was killed October 10, 1881, the grant of six months’ time to railroads completed within the ten days, from April 10th to 20th, was a vested right, a part of the contract with the 'state, and could not be divested by the repeal. That for aught that appears, the defendant’s road may have been completed before April 20th, and within six months from, the killing of the plaintiff’s stock (October 10, 1881). This view is untenable. It was within the power of the general .assembly to change or remove altogether the limitation as to time for the construction of fences by railroad corporations. Article 13, section 2, of the constitution, ordains that “corporations may be formed under general laws; but all such laws may, from time to time, be altered or repealed.” Railway v. Railway, 30 Ohio St. 604; Railway v. Sharpe, 38 Ohio St. 150. The effect of the repeal of the six months limitation was to subject railroad corporations to the obligation of fencing their tracks without other qualification than that of such construction of the enactment as would allow them a reasonable time after the change of the law to build their fences, and thus save them from the hardship which this argument assumes. If such a state of facts existed, it was incumbent on the company to set them up in defense. They will not be presumed.
The record discloses, however, that the company had, before the accident, assumed to construct this fence. The *275 duty so assumed should have beeu performed with a reasonable regard for the rights of others interested in its construction and maintenance.
III. There was no error in instructing the jury to return a verdict for the value of the plaintiff’s horse, with interest from the date of the accident. Hogg v. Zanesville Canal Co., 5 Ohio, 410. The agreed value of the horse was $140. The plaintiff was deprived of this from the time of the accident; and for the time it was withheld from him he was entitled to be compensated. This upon the assumption, of course, that he was entitled to recover in the action.
IV. A more serious and difficult, question arises upon the exception of the defendant below to the admission of the testimony of non-experts who were permitted to give their opinions concerning the sufficiency of the fence in question. It is maintained by the defendant that the witnesses should have been restricted in their testimony to statements of facts concerning the condition of the fence; and that to the jury should have been left the determination of the sufficiency of the fence, upon the facts so testified to, unaided by the mere opinions of the witnesses upon that subject.
The question presented for our determination is whether the present case comes within any of the exceptions to the general rule that witnesses must testify to facts and not opinions. An examination of some leading cases upon this question will show that there is no iron rule by which it maybe determined when mere opinions of witnesses will be received, as evidence, but that it depends chiefly upon the peculiar subject of investigation and the circumstances of each case. In Crane v. Northfield, 33 Verm. 126, a witness was asked his opinion whether a certain bridge or culvert was safe and sufficient. The question was excluded. Poland, J., says : “ This was the very question that the jury were to try and decide, and it does not appear to us that there could be any difficulty in having the condition of the culvert so described to the jury by the witness that they *276 would be just as capable of exercising their judgments and forming a correct opinion as the witness himself.”
Commonwealth v. Sturtivant, 117 Mass. 122, is a leading case in this country, upon the authority of which' it is maintained that the opinions of witnesses may be received as evidence. In this case a witness familiar with blood, who had examined, with a lens, a blood stain on a coat, when it was fresh, and who testified to its appearance at the time ho examined it, and that it was not in the same condition at the trial, was permitted to testify- that its appearance when he examined it indicated the direction from which it came, and that it came from below upward, although he had never experimented with blood or other fluids in this respect. It was held that the testimony was properly admitted. Endicott, J., says : “ The exception to the general rule that witnesses can not give opinions, is not confined to the evidence of experts testifying on subjects requiring special knowledge, skill, or learning; but includes the evidence of common observers, testifying to the results of their observation made at the time in regard to common appearances or facts, and a condition of things which can not be reproduced and made palpable to a jury. Such evidence has been said to be competent from necessity, on the same ground as the testimony of experts, as the only method of proving certain facts essential to the proper administration of justice.” It was assumed in this case that the subject-matter of the testimony could not be reproduced or described to the jury as it appeared to the witness at the time.
In Bliss v. Wilbraham, 8 Allen, 564, it was held that the opinion of a witness concerning the safety and general condition of a bridge was properly excluded.
In Montgomery v. Scott, 34 Wis. 345, one of the issues was whether the road in question was defective at the time of the injury. The opinion of a witness was asked whether the road was in a good, passable condition. Cole, J., says: “ It is very obvious that the question was properly excluded, since it was calling for the opinion of the *277 witness upon the very issue which the jury were to determine, and where such opinion was not admissible. If the witness knew any facts relating to the condition of the road, he should have stated them and left the jury to draw their own conclusions from these facts. . . . .From the nature of the case the jury were quite as competent to form a judgment as to the sufficiency or insufficiency of the highway from facts submitted on that subject, as the witness could be; and it is very apparent that this was the issue they were to try and determine.”
In Kelley v. Fond Du Lac, 31 Wis. 179, the safety of a highway was in issue. A witness was permitted to testify to his opinion concerning its safety. This was held to be error ; and that he could testify only to facts, from which the jury were to determine whether the road was safe.
This case was followed and approved in Griffin v. Willow, 43 Wis. 509.
In Veerhusen v. Railway Co., 53 Wis. 689, it was held that the mere opinion of a witness upon the question whether a certain bank of earth between defendant’s track, and land occupied by the plaintiff was “ as good a protection against cattle as a fence four and a half feet high,” was inadmissible. Orton, J., says : “ An objection to this question was properly sustained. It asks for the mere opinion of the witness upon a matter concerning which, with the same knowledge of the facts, the opinion of any one else would have as much weight; and the jury should not be influenced by the opinion of anyone who is not more competent to form one than themselves; and they should be left free to form their own opinion after hearing all of the evidence. To extend expert testimony so far would include almost any thing which is the subject of common observation.”
In Enright v. S. & S. R. R. Co., 33 Cal. 230, the principal issue was the sufficiency of a fence to turn stock. It was held: “ The opinion of experts is not admissible on the question of the sufficiency of a fence to turn cattle.” Schaffer, J., says: “ The facts were to be testified to by the witness; *278 but the question of sufficiency was with tho jury, and not the witness. . . . The habits and instincts of domestic animals, and the kind of fence necessary to restrain them, are so far matters of general observation and experience ^that a jury, coming from the body of a county, may be relied on to deal with questions like the one in hand with all desirable accuracy, though unaided by the opinion of persons claimed to be experts.”
In Sowers v. Dukes, 8 Minn. 28, it was held that: “ The opinions of a witness can not be received as evidence, except where the question is one of science or skill, or has reference to some subject upon which the jury are supposed not to have the same degree of knowledge with the witness.”
The issues in that ease involved the sufficiency of a fence to turn stock. A witness was asked the question: “ Was-the fence a proper fence to turn stock, and could they easily •put their heads through between fence and rider? ”
Atwater, J., delivering the opinion, says: “We think the objection was well taken, and the question should have been excluded. ... In this case the question was not one involving or requiring science or skill to arrive at a just conclusion, nor can there be any presumption that the jury were not as competent judges as to what fence was. sufficient to turn stock as the witness. It does not appear that he had any peculiar sources or means of knowledge on the subject, which are not to be presumed equally within the reach of the jury. The jury are to form opinions ; the witness to state facts. The height of the fence, the materials of which it was composed, its condition as to stability, soundess, etc., might all be very pertinent facts to be stated to the jury, upon which to base their judgment as to the sufficiency of the fence to turn stock, or whether it was in compliance with the contract. But the defendant was entitled to the judgment of the jury on the sufficiency of the -fence, and that judgment could not rightfully be aided by the mere opinions of a wit *279 ness, who, as far as appears, had no means of information beyond their own.”
Coming to the adjudications of this court, a thoughtful examination will show them to be in entire harmony with the rule of the cases cited.
Clark v. The State, 12 Ohio, 483, was one of the pioneer cases holding that on questions of insanity, witnesses, other than professional men, may state their opinions, in connection with the facts on which they are founded.
In that ease, Birchard, J., says: “A careful daily observer of a person feigning madness would witness innumerable acts, motions, and expressions of countenance, which, with the attending incidents and circumstances, conclusively satisfying him of the fictitious character of the malady, but which he could never communicate to a jury or a scientific man, so as to give them a fair conception of their real importance.”
In The Steamboat Clipper v. Logan, 18 Ohio, 375, it was held that one conversant with steamboats, as master, engineer, and builder, having examined a boat injured on the Ohio river, may state in connection with the facts, his opinion as to the direction from which the boat was struck, at the moment of contact. Also that any such person, having examined the injured boat, may describe her condition, and say whether, in his opinion, she is worth repairing.
Spalding, J., says: “ With the fullest description of the nature and extent of the injury, the triers of the case, farmers and mechanics, perhaps, ignorant of such matters, would be liable to err in their estimate of the damages, from a supposition that the wreck was susceptible of being repaired and put to use for purposes of commerce. The opinion of one conversant with steam navigation, and who had examined the shattered vessel, was necessary to instruct the minds of the jury and enable them to arrive at a correct conclusion upon that subject.”
A case relied upon to sustain the admissibility of the opinions of witnesses in such cases, is Stewart v. The State, 19 Ohio, 302. In that case it was held to be competent *280 for the .defendant to ask a witness who had seen the transaction (a homicide) whether, when the deceased rushed on him, there was time enough for him to escape, and get out of the way before the deceased rushed on him.
Caldwell, J., says: “It is true, as a general rule, that the opinion of a witness can not be given — the witness relating the facts from which the jury form their opinion. The rule, however, is not universal. The fact here sought to be proved, to wit, that the defendant could not avoid the conflict, could not be well proved to a jury by a statement of facts. . . A variety of circumstances that could only be perceived, but not detailed, would constitute the aggregate from which the opinion would be formed.” See State v. Rhoads, 29 Ohio St. 171, where this case is distinguished.
In Protection Ins. Co. v. Harmer, 2 Ohio St. 456, Ranney, J., commenting upon apparently conflicting holdings of other courts on this question, says: “In this conflict of opinion, there is no resource left but to return to the principle upon which such evidence is ever received. .The general rule certainly is, that facts only can be given in evidence, and the necessary and natural deduction from them must be made by the jury. In every thing pertaining to the ordinary and common knowledge of mankind, jurors are supposed to be competent, and, indeed, peculiarly qualified to determine the experienced connection between cause and effect, and to draw the proper conclusion from the facts before them. ... If the answer can be given from ordinary experience and knowledge, the jury must respond to it unaided; if the effects of such a cause are only known to persons of skill, and are to be determined only by the application of some principle of science or art, such persons may give the results of their own investigation and experience to the jury in the way of opinions, the better to enable them to come to a Correct conclusion.”
In. The Stillwater Turnpike Co. v. Coover, 26 Ohio St. 520, it was held that in an action againát a turnpike company for injuries occasioned, to the plaintiff,-by falling into a hole *281 or excavation in its road, it Í3 not competent for witnesses to give their opinions as to whether the place in question was dangerous.
Welch, C. J., says : “ Whetherjhat place in the road was dangerous was a question for the jury, and not for the witnesses. It was not a question of science or art, nor was it one where the jury could not be put in possession of all the facts necessary to its decision. The witnesses should have been confined to a statement of these facts, and their opinions should have been rejected.”
The witnesses in this case were said to be in no sense adepts, and importance seems to be given to this consideration by the Chief Justice in his opinion.
These eases are in entire harmony with the numerous cases relied upon to support the testimony given below, which hold that the opinions of non-experts, who state, so far as is practicable, the facts on which their opinions are grounded, will be received on questions of identity as applied to persons, things, animals, or handwriting; and of the size, color, and weight of objects; of time and distances ; of the mental state or condition of another; of insanity and intoxication; of the affection of one for another; of the physical condition of another as to health or sickness (in which latter case, however, the opinion of a non-expert will not be heard upon the particular disease or cause thereof) ; of values; of' the soundness of animals; and of all subjects whére it is not practicable nor possible to put the jury in possession of all the primary facts upon which the opinions of the witnesses are grounded. Commonwealth v. Sturtevant, supra; 1 Wharton’s Evidence, §§ 436, 513; 1 Greenlf. Ev., § 440, and cases there cited.
Eor a witness to undertake to place before a jury all the facts and symptoms from which he had formed the opinion that a person was angry, drunk, sick, in love, or insane, would be to abandon himself to a hopeless attempt at mimicry and undignified descriptions and imitations, as ludicrous as they would be vain and unprofitable. This *282 serves to illustraie tlie neeesssity of the exception to the rule.
It has too frequently been assumed, both by judges and text-writers, that there is a sharp conflict of opinions and adjudications upon this subject. On the contrary, a thorough and careful review of the authorities has satisfied the writer of • the present opinion that there is marked uniformity in the views expressed by authors and judges concerning the general principles which underlie this whole subject; the apparent conflict of opinion arises rather in the application of these principles to the particular cases under consideration.
A few general propositions are submitted, which, it is believed, fairly reflect the current of authority on the subject of the admissibility of the opinions of witnesses as evidence.
1. That witnesses shall testify to facts and not opinions is the general rule.
2. Exceptions to this rule have been found to be, in some cases, necessary to the due administration of justice.
3. "Witnesses shown to be learned, skilled, or experienced in a particular art, science* trade, or business, may, in a proper case, give their opinions upon a given state of facts. This exception is limited to experts.
4. In matters more within the common observation and experience of men, non-experts may,.in cases where it is not practicable to place before the jury all the primary facts upon which they are founded, state their opinions from such facts, where such opinions involve conclusions material to the subject of inquiry.
5. In such eases the witnesses are required, so far as may be, to state the primary facts which support their .opinions.
6. Where it is practicable to place palpably before the jury the facts supporting their opinions, the witnesses should be restricted in their testimony to such facts, and the jurors left to form their opinions from these facts, unaided by the mere opinions of the witnesses. .
*283 7. As the warrant for the admission of the opinions of witnesses as evidence is found in some exception to the general and very salutary rule which requires that only facts be stated to the jury, it is the duty of a reviewing court to see that the admission of mere opinions as evidence was -within some one of the established exceptions to such general rule; and where it does not appear upon the whole record but that the jury was equally capable with the witnesses of forming an opinion from the facts stated, it is error to admit in evidence the opinions of witnesses.
In the present case many of the witnesses did not show 'themselves possessed of any peculiar knowledge of, nor means of forming a judgment concerning, the fence in question, or the habits of domestic animals. Testimony was admitted of mere opinions, unaccompanied by a statement of any of the facts upon which they were founded. The subject of the testimony was a board fence. So far a3 the record discloses, it was capable of such description as to height, kind of materials, manner of construction, stability, or otherwise, as would enable a jury to form an intelligent j udgment as to its sufficiency to turn stock. For any thing that appears in the record, the jurors were as familiar with the habits of domestic animals, and as capable of forming opinions as to the sufficiency of the fence to turn stock, as the witnesses themselves.
The witnesses should have been restricted in their testimony to the facts, and the jury left free to form an opinion upon them, uninfluenced by the mere opinions of witnesses.
It must not be supposed that there is any rule of evidence concerning the opinions of witnesses which is peculiar to fences, highways, bridges, or steamboats, or to any other special subjects of investigation. Where the facts concerning their condition can not be made palpable to the jurors so that their means of forming opinions are practically equal to those of the witnesses, opinions of such witnesses may be received, accompanied by such facts sup *284 porting them as they may be able to place intelligently before the jury.

For the error above indicated, the judgments below a.re re~ versed and a new trial ordered.