# Chicago & Alton R. R. Co. v. Patterson & Johnson.
# Chicago & Alton R. R. Co. v. Charles W. Bramlett.

1. · PRESUMPTIONS—*Which Arise Upon Proof of Conditions.*—Proof of a certain state or condition of things at a given time will raise a presumption of fact strong enough to support a finding that it continued for a longer or shorter time thereafter, or until shown to be changed according to the nature and surroundings of the subject.

2. RAILROADS—*Negligence—When Not to be Imputed in Killing Stock.*—Negligence can not be imputed to a railroad company in killing stock, on account of the manner in which its employes operate the train, when they do everything in their power after the discovery of the stock upon the track to save it from injury.

**Trespass on the Case,** for killing stock. Appeal from the Circuit Court of Sangamon County; the Hon. JACOB FOUKE, Judge, presiding. Heard in this court at the May term, 1897. Reversed. Opinion filed December 2, 1897.

## STATEMENT OF THE CASE.

These cases come to this court together, upon stipulation of all the parties, as they were tried together both in the police magistrate's court and the Circuit Court, upon the same evidence and before the same juries, the facts in both cases being practically the same.

The track of appellant, south of Auburn, Illinois, runs through a tract of land belonging to one Kessler, who has a private crossing across the track for his own convenience. The fences along the sides of the right of way were in good condition, as were the gates at the crossing. On the east of the right of way is a field of Kessler's, fenced on the east side, and joining on a public road, across which is a farm, which, at the time of the transaction in question, was occupied by C. W. Bramlett, who is the appellee in one of these suits: Patterson & Johnson, the appellees in the other suit, owned a colt, which they put out to pasture on Bramlett's place, and Bramlett himself owned a colt, both of which animals, just previous to the accident out of which these suits grew, were in Bramlett's pasture. The gate of

this pasture on the day in question was left open, and the animals wandered out into the public road, where they went through an open gate at the Kessler crossing upon the right of way of the appellant.

At the Kessler crossing the track is on a level with the ground, but thirty or thirty-five yards north from there the ground rises, and the track then runs in a cut, varying in depth, for about forty rods. On the east side, the railroad track is about thirty feet from the fence, which is lower than the crest of the bank, from three to five feet. The track at this point runs nearly north and south for some distance.

On the 25th day of July, 1893, the " Limited " was going north at a speed of about fifty miles per hour. The engineer saw three horses coming over the embankment about five hundred feet ahead of the engine. He applied the air, whistled, and the automatic bell ringer was sounding the bell. It was impossible to stop the rapidly moving train in such a short distance, and as the three horses ran across the track, the engine struck the one in the rear. The leading horses scrambled up the opposite bank, which was from ten to twelve feet high, and quite steep, and disappeared. Immediately after the collision Bramlett's horse was found dead, at the side of the track, a rod or two north of the Wheeler crossing. The seven wire fence, about · five feet high, on the west side of the track, was found broken down, the wires having blood and hairs on them. Hillyard's horse was found uninjured. The horse of appellees Patterson & Johnson had run about a quarter of a mile through a cornfield, and there dropped with two broken legs. It was shot.

Right after the collision, the gate was found open and propped back with a board. It was a good gate and had a good fastening; a chain locked around the head of the gate and slipped over the post. The last time the gate was seen by any of the witnesses who testified in the case, was about ten days before the horses were killed, and it was then shut.

PATTON, HAMILTON & PATTON, attorneys for appellant.

Railroad companies are only required to use reasonable care and diligence to keep gates closed at farm crossings. If opened by strangers and left so, the company is only liable when chargeable with notice, actual or constructive, of the fact that the gate was open. Rorer on Railroads, 647; Am. & Eng. Ency. Law, Vol. 7, 915 *et seq.;* Pierce on Railroads, 1543.

There can be no negligence imputed to appellant so far as the running of the train was concerned, for the evidence shows that the driver of the engine did everything in his power, after discovering the stock, to save it from injury, and this, under the law, is all that is required of him. Illinois C. R. R. Co. v. Noble, 142 Ill. 578; Delta Elec. Co. v. Whitcamp, 58 Ill. App. 141.

R. H. McANULTY, attorney for appellees.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

The foregoing statement is a fair epitome of the legitimate evidence as appears from the record.

" Proof of a certain state or condition of things at a given time will raise a presumption of fact strong enough to support a finding that it continued for a longer or shorter time thereafter, or until shown to be changed, according to the nature and surroundings of the subject." Chicago, B. & Q. R. R. Co. v. Sierer, 13 Ill. App. 261. So then if in this case the gate was seen closed on the 15th of July, 1893, and there is no evidence showing it was open until when the horses went on the track on the 25th of July, 1893, then the presumption obtains that it continued closed during all that time, and the appellant would not be guilty of negligence on account of the gate being open, when the horses went upon the right of way of the railroad company.

There is an entire absence of evidence that the appellant had any notice, either actual or constructive, that this gate was open. Unless it did have either actual or constructive notice of its condition, and time to close it before the horses

went upon the right of way, appellant would not be liable on account of its being open. Ill. Cent. R. R. Co. v. Swearingen, 47 Ill. 206; Chicago, B. & Q. R. R. Co. v. Magee, 60 Ill. 529; Chicago & A. R. R. Co. v. Saunders, 85 Ill. 288; Ind. & St. L. R. R. Co. v. Hall, 88 Ill. 368.

There can be no negligence imputed to appellant on account of the manner in which its employes operated the train. It stands uncontradicted in the record, they did everything in their power after they saw the stock, to save it from injury. This is all the law requires. C. & A. R. R. Co. v. Saunders, *supra;* I. C. R. R. Co. v. Noble, 142 Ill. 578; Delta Electric Co. v. Whitcamp, 58 Ill. App. 141.

As there is no evidence in the case showing appellant was guilty of any negligence by which appellees were injured, we do not deem it necessary to examine the other errors assigned.

The judgments entered by the court below are reversed.