### West Chicago St. R. R. Co. v. John Klecka.

1.  RAILROADS—*Killing Animals Rightfully upon the Track.*—In considering the general rule that a railroad company is not liable for injury to animals coming upon its right of way without its fault, provided the servants in charge of the train do everything reasonably within their power to avert an injury after discovering that the animals are in peril, a distinction is to be borne in mind between animals

trespassing, and upon the right of way without the knowledge of the company, and such as are not.

2.  Same—*Injuries to Dogs Rightfully upon the Track.*—A dog may be rightfully upon the track of a street railway company, and if seen in time by the servants in charge to have slackened the speed of the cars and so avoided injury to the dog, and no efforts were made in that direction by such servants, lack of effort will constitute negligence for which a recovery may be had.

Action for Injuries to Domestic Animals.—Appeal from the Superior Court of Cook County; the Hon. Axel Chytraus, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed March 29, 1901.

John A. Rose and Louis Boisot, Jr., attorneys for appellant; W. W. Gurley, of counsel.

J. Warren Pease, attorney for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the court.

This is an action originating before a justice of the peace, brought by John Klecka against the West Chicago Street Railroad Company to recover damages for the killing of the plaintiff's dog. The plaintiff obtained judgment before the justice for $200. On appeal to the Superior Court there were two trials. The result of the first trial was a verdict against the defendant for $175, which was set aside by the court, and the result of the second trial was a verdict for $75, upon which judgment was entered. From this judgment the defendant appeals.

The accident happened on the evening of November 10, 1897, about dusk. The motorman of the car, testifying for appellant, said :

" On that night you couldn't see more than half a block at the farthest, ahead of you."

The dog was a " Blue Great Dane," and was used by appellee as a watch dog in and about his saloon. It is not claimed that the damages recovered are excessive. The defense, as stated in appellant's brief, is " that the killing of the dog was a pure accident, caused by the fact that the

dog went upon the track of the defendant and was killed without any negligence on the part of defendant's (appel lant's) servants." There was evidence tending to show, and the evidence seems to have preponderated that way, that the dog might easily have been seen by the motorman at a distance of fifty feet or more ahead of the car, if he had been observant of the care he was in duty bound to exercise, nosing or sniffing along on the ground in close proximity to the track and headed to enter upon the track, and that it actually got in the middle of the track while the car was at least fifteen feet away. According to the car conductor's testimony, the car was moving at its ordinary speed of about seven miles an hour, and the motorman testi- fied that the best that could be done on the tracks in their then condition, would be to stop the car in about forty or forty-five feet. The evidence shows, without contradiction, so far as we observe, that the speed of the car was not in the least degree slackened because of the presence of the dog upon the street or track, until after it was run over. Nor was any warning given, or any effort whatever made, by the persons in charge of the car, except the usual noise and light of the moving car, to frighten the dog from its place of danger until the instant the dog was struck. About five minutes before the dog was run over, it had been taken out of the saloon upon the street by its owner, presumably for exercise, but the owner being called back to serve some customers, the dog was left unwatched for that length of time. No argument, however, is made that appellee was negligent in that respect. The argument of appellant seems to be that because of the known quick movements of a dog, appellant was absolved from slowing down its car, while the dog was near to, though not on the track, and that if after actually discovering the dog between the rails the motorman did all in his power to prevent an injury to it, the appellant is not chargeable with the neg- ligence.

" It is said that the judge should have told the jury that a motorman might rely upon the keen sense of hearing, great alertness, intelligence and active celerity common to

dogs, and they might consider and weigh their own practical knowledge as to the nature, character and quality of dogs, and consider all these matters in reaching a verdict in the case.

The request, we think, is too broad.  Unquestionably, the jury might take into consideration common knowledge and observation about the habits and qualities of dogs, but it was going too far to say that the motorman might rely upon the quickness and celerity of the dog, and thus absolve himself from all duty and care to prevent the accident, which is virtually what the request implies."  Citizens' Rapid Transit Co. v. Dew, 40 L. R. A. 518 (Supreme Court of Tenn.).

The general rule that a steam railway company is not liable for injury to animals that have come upon its right of way without the company's fault, provided the operatives of the train did everything reasonably within their power to avert the injury after they discovered the animals were in peril, is undoubtedly good law in principle, and under the authorities.  Chicago & Alton R. R. Co. v. Saunders, 85 Ill. 288; Illinois Central R. R. Co. v. Noble, 142 Ill. 578.

A distinction must, however, be kept in mind between animals that are trespassing on a right of way and are there without the knowledge of the company, and such as are not.  I. C. R. R. Co. v. Noble, *supra*.

Here, the appellant was operating its cars on a public street, and the motorman knew, or might have known in ample time to have avoided the injury, if he had looked, that the dog was perilously near to danger of being injured. A dog may rightfully be on a public highway, under restrictions not involved in this record.

" It was not error to charge that inasmuch as the street-car track was laid on the roadway and on the same level with it, the dog was not a trespasser if he went upon the track, inasmuch as the dog was not improperly on the highway."  Citizens' Rapid Transit Co. v. Dew, *supra*.

The case of Rockford, Rock Island and St. Louis R. R. Co. v. Rafferty, 73 Ill. 58, was one where a cow was killed at a public railroad crossing (where the cow could not have been a trespasser), and the court said :

"If appellee's cow was in plain view of the engine driver, or fireman, in charge of the train, and was seen, or if by the use of ordinary care and precaution, she could have been seen in time for the speed of the train to have been slackened and the accident avoided, and no efforts were made whatever in that direction, it can not reasonably be contended but this would be negligence for which a recovery might be had."

No point is made in argument, upon the instructions, or as to the right of property in a dog, nor as to anything except that the verdict is not supported by the evidence. The conflict in the evidence was settled by the jury in favor of a recovery, and we think rightfully so.

The judgment is affirmed.

Mr. Justice HORTON dissents.