# THE TUDOR IRON WORKS

*v.*

# ROBERT WEBER.

*Filed at Mt. Vernon June 17, 1889.*

| | |
|---|---|
| 129 | 535 |
| 135 | 561 |
| 129 | 535 |
| 37a | 211 |
| 129 | 535 |
| 147 | 466 |
| [1]129 | 535 |
| 198 | [2]190 |
| 129 | 535 |
| 203 | [2]297 |
| 129 | 535 |
| 210 | 203 |

1. EVIDENCE—*cross-examination.* On the trial of an action to recover for personal injury to the plaintiff by having his clothes caught while oiling journals near certain couplings alleged to have been unsafe, the plaintiff testified in chief that he did not have much experience in machinery. On cross-examination various questions were put touching his experience with the machinery and the character of his work for three or four years prior to the injury, to which the court sustained objections: *Held,* that the ruling of the court was erroneous, and that as the party had testified in chief on this point, the defendant had the right to go into the subject fully on cross-examination.

2. SAME—*production of torn clothing as illustrating nature of an injury.* In an action for a personal injury resulting from the plaintiff's clothing being caught in the machinery of a mill, which was claimed to have been in an unsafe condition, the admission of the plaintiff's torn clothing in evidence rests in the sound discretion of the trial court. If the manner in which the plaintiff was injured, or the nature or character of the injury, can be better explained by the production of the torn clothing, such evidence may be admitted.

3. INSTRUCTION—*construed—whether directing a verdict "as charged in the declaration."* In an action to recover for an injury on the ground of alleged negligence, the court instructed the jury, "that if, under the evidence and the instructions of the court, they find the defendant guilty, then," etc., giving the elements of damages they might consider. The defendant claimed that the instruction was erroneous because the jury were not instructed to find defendant guilty "as charged in the declaration:" *Held,* no error in this respect, as the words "as charged in the declaration," were implied from the language used.

4. SAME—*instruction construed—as to amount of damages to be assessed.* An instruction, after stating that if the jury found the defendant guilty under the evidence, informed them of the different elements of damages for their consideration, and then concluded, "provided they (the jury) do not estimate said damages at a sum greater than $15,000:" *Held,* that the instruction was not subject to the objection that it authorized the jury, if they found any damages whatever, to assess any sum they saw fit, not exceeding $15,000.

5. ERROR WILL NOT ALWAYS REVERSE—*exclusion of evidence.* Where the evidence sought by questions on cross-examination proper in itself, is fully obtained in answer to other similar questions, the error of the court in refusing to allow the first named questions to be answered, is one which does no harm, and affords no ground of reversal.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. MARSHALL W. WEIR, for the appellant.

Mr. W. S. HAY, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action to recover damages for personal injuries received by the plaintiff while oiling certain journals in the defendant's iron works. The declaration contained four counts. The first is substantially as follows: That on the 8th of December, 1886, plaintiff was working as a laborer in defendant's mill, under the superintendence of Niemeyer, the foreman; that it was the duty of defendant to furnish safe machinery, yet it did not regard its duty in that behalf, or use due care, but, on the contrary, so carelessly, negligently and unskillfully constructed and repaired a certain coupling on a certain piece of shafting that the coupling was left in an unsafe and dangerous condition; that defendant knew, or might have known by proper care, of such unsafe and dangerous coupling; that plaintiff did not know thereof; that Niemeyer ordered plaintiff to oil certain journals on said piece of shafting, without warning him of the unsafe coupling, and while oiling near said coupling had his clothes caught, etc. The other counts do not differ materially from the first.

On the trial in the circuit court, the plaintiff, on his examination in chief, testified that he did not have much experience in machinery, and upon cross-examination the following questions were asked the witness:

"What was the nature of your employment during the three or four years you worked for them?—what did you do for the company while you were working for them?"

"Now, what was the nature of the work that you were employed at during those three or four years that you worked for the company prior to 1886?"

"I will ask you if you did not, while you were at work at the shears, also do the oiling of the machinery?"

"I will ask you whether you did not, while you were shearman, do oiling?"

"Did you not, during the time you worked for the company prior to the year 1886, oil shafting or journals for a considerable time?"

"Did you not for a considerable time—some months, say—prior to 1886, oil these same journals that you oiled at the time of the accident?"

But, upon objection being made, the court ruled that the witness need not answer the questions. We think the ruling of the circuit court was erroneous. The witness had testified in chief on this, and the defendant had the right, if it saw proper, to go into the subject fully, on cross-examination. Greenleaf, (vol. 1, sec. 446,) in speaking upon this subject, says: "By means of it" (cross-examination) "the situation of the witness with respect to the parties and to the subject of litigation, his interest, his motives, his inclination and prejudices, his means of obtaining a correct and certain knowledge of the facts to which he bears testimony, the manner in which he has used those means, his powers of discernment, memory and description, are all fully investigated and ascertained, and submitted to the consideration of the jury."

But while we think the questions were proper and the court should have required the witness to answer them, upon looking into the record we find that other questions, substantially like those objected to, were asked and answered. We find the following:

Q. "Now I will ask you to state how long you had worked for the company prior to the year in which you got hurt.

The court: "He has already stated that he was there three or four years.

Q. "Now, what was the nature of the work that you were employed at during those three or four years that you worked for the company prior to 1886?

Mr. Hay: "Let him say what work he was doing then— what general work.

A. "I was working at the shears.

Q. "I will ask you if you did not, while you were at work at the shears, also do the oiling of the machinery?

A. "I was employed to do all kinds of work.

Q. "Oiling and cleaning, yard work, and all kinds of work?

A. "Yes, sir.

Q. "You stated that you were at the shears during those three or four years?

A. "Yes, sir.

Q. "Now, I will ask you if it was not a part of your duty as shearman, to oil the journals at that time?

A. "No, sir; it never was.

Q. "You say it was not?

A. "No, sir."

The witness also answered, in reply to a question, that he had done oiling for the company, and received extra pay for such service.

From the foregoing it is apparent that the evidence sought by the questions which were objected to, was fully obtained in answer to other questions, and while the court erred in holding that the witness should not answer the questions, it was an error that did the defendant no harm, and hence he can not complain.

The second question relied upon to reverse the judgment is, the court allowed the plaintiff to produce before the jury a part of the torn clothing which he had on when injured, and

this ruling of the court is claimed to be erroneous. We think the admission of such evidence rests in the sound discretion of the court. If the manner in which the plaintiff was injured, or the nature or character of the injury, could be better explained by the production of the torn clothing which the plaintiff was wearing at the time the injury was received, we perceive no reason why such evidence may not be resorted to. The question in regard to the admission of similar evidence arose in *Indiana Car Co.* v. *Parker*, 100 Ind. 199, and the court held that the evidence was admissible.

At the request of the plaintiff the court gave the following instruction to the jury:

"The court instructs the jury, that if, under the evidence and the instructions of the court, they find the defendant guilty, then, in estimating the plaintiff's damages, if any are proved, they have a right to take into consideration not only the loss, expenses and immediate damage arsing from the injuries received at the time of the accident, but also the permanent loss and damage, if any is proved, arising from any disability resulting to the plaintiff from the injury in question, which renders him less capable of attending to his business than he would have been if the injury had not been received, provided they do not estimate said damages at a sum greater than $15,000."

It is said the instruction is erroneous, because the jury were not instructed to find defendant guilty as charged in the declaration. We do not think the jury could be misled by the instruction. The words "as charged in the declaration," would be implied from the language used.

It is also urged that the instruction is erroneous, because, in effect, it informs the jury, that if they find the defendant guilty, and if any damage whatever is proven, they may assess any sum they please, providing the amount does not exceed $15,000. We do not think the instruction liable to the objection urged against it. The object of the instruction, as is

apparent from its language, was to inform the jury of the different elements of damages for their consideration in making up their verdict, and the last clause was no doubt added to show the extent of recovery under the declaration. We think the last clause of the instruction was drawn in a bungling manner, and the court ought to have stricken it out; but at the same time, it is apparent, from the amount of the verdict, ($2000,) that this clause of the instruction had no effect on the jury, and although we might regard it vicious, it is not ground for a reversal of the judgment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*