# THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

# JOHN I. SULLIVAN.

*Filed at Ottawa January 19, 1897—Rehearing denied March 6, 1897.*

1. TRIAL—*court should restrain improper arguments of counsel.* It is the duty of the trial judge to supervise the arguments of counsel to see that they are fairly made, and he should, either of his own motion or at the request of opposite counsel, restrain all improper remarks or lines of argument.

2. SAME—*counsel have a right to interrupt an opponent's argument to object to his statements.* Counsel have the right to interrupt an opponent's argument to object to statements which they consider improper, for the purpose of obtaining a ruling thereon.

3. APPEALS AND ERRORS—*exception must be taken to rulings to preserve them for review.* The action of the trial court in refusing to allow counsel to interrupt their opponent's argument for the purpose of interposing objections cannot be reviewed on appeal unless exception to its ruling is preserved.

4. SAME—*exceptions avail nothing unless taken to rulings.* Exceptions taken to opposite counsel's argument are not sufficient to raise any question for review when no rulings by the court are obtained, notwithstanding the court refused to allow interruptions for the purpose of objecting, saying that under its rules anything said by opposite counsel might be considered as having been excepted to.

*West Chicago Street R. R. Co.* v. *Sullivan,* 64 Ill. App. 628, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. NATHANIEL C. SEARS, Judge, presiding.

EGBERT JAMIESON, and JOHN A. ROSE, for appellant.

SCANLAN & MASTERS, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On February 4, 1892, appellee, then eight years old, was running across VanBuren street, at its intersection with Aberdeen street, in the city of Chicago, and came in

collision with a team of horses drawing one of appellant's street cars on VanBuren street. He was knocked down and lost an arm, and brought this suit to recover damages for his injuries, alleging that he was in the exercise of due care, and that the driver of the street car was negligent in failing to observe him and in driving at a rapid rate. He obtained a judgment, which was affirmed by the Appellate Court.

The greater part of the argument for appellant is devoted to a criticism of the reasons for affirming the judgment given by the Appellate Court in its opinion, but, as has been often said, the judgment of the Appellate Court cannot be reversed on account of the reasons given for the judgment; and if a consideration of what a jury might do upon another trial, in view of the financial condition of the parties to the suit, might be deemed an improper or insufficient reason for the judgment, it could not be reversed on that account. *Christy* v. *Stafford*, 123 Ill. 463; *Dunham Towing and Wrecking Co.* v. *Dandelin*, 143 id. 409; *Illinois Central Railroad Co.* v. *Harris*, 162 id. 200.

The facts have been conclusively settled by the judgment of affirmance in the Appellate Court, and there are but two alleged errors of law. The first complaint is, that the court permitted a witness for plaintiff to testify that there were other persons present at the time of the accident. The same proof was subsequently made by other witnesses on the part of plaintiff, without objection, and defendant itself proved the fact by a number of witnesses. The fact was not in controversy, but if the objection should be entertained there was no error in the admission of the evidence.

The second supposed error is, that there was improper argument on behalf of plaintiff. During the argument of plaintiff's counsel a question was raised as to the propriety of comments then being made. The judge stated that he would not permit interruptions of the argument, but that his rule was to permit either side to have the

record show that they had saved exceptions to every statement of counsel on the other side, and that anything said by counsel on either side might be considered as having been excepted to. This course was pursued in making up the bill of exceptions, and exceptions were inserted wherever defendant's counsel saw fit. These exceptions were not to any rule or action of the court, but only to what plaintiff's counsel did.

It is the right and duty of the judge to supervise the argument of counsel and see that it is fairly made, and his duty, as well as that of counsel, has been stated by this court in *Elgin, Joliet and Eastern Railroad Co.* v. *Fletcher,* 128 Ill. 619, as follows (p. 627): "A court hearing counsel, under pretense of arguing a case, making statements of matters to the jury not in evidence nor pertinent as illustrative of matters in evidence, should promptly stop the counsel, explain to the jury the impropriety of his language, and take such measures as shall be appropriate to prevent a repetition of such misconduct, and for a failure of duty in that respect, manifestly affecting the result, the judgment should be reversed. But the counsel whose client is unfavorably affected by such statements should call the attention of the court to them at the time, for it might be that, being preoccupied with other matters, they would otherwise escape his attention." The rule is thus stated in the Encyclopedia of Pleading and Practice (vol. 2, 750): "The presiding judge should, either by his own motion or upon request of the opposite counsel, check counsel in an improper line of argument, and preserve the dignity of the court by compelling obedience to its orders and rulings. It is the unquestionable right of counsel to interrupt an improper argument by opposing counsel for the purpose of stating his objections and moving the court to take proper action." It is true that, although the trial court may have ruled correctly on such objections and sought to counteract the effect of improper argument by rebuke and instructions, the opposite party

may be materially prejudiced, and the court should grant a new trial, or an appellate court reverse the judgment, where it appears that an injury has been done; yet there is nothing to be reviewed on appeal or writ of error unless an objection has been made and a ruling insisted upon at the time. *Elgin, Joliet and Eastern Railroad Co.* v. *Fletcher, supra; Holloway* v. *Johnson,* 129 Ill. 367; *Marder, Luse & Co.* v. *Leary,* 137 id. 319; *North Chicago Street Railway Co.* v. *Cotton,* 140 id. 486; *Scott* v. *People,* 141 id. 195; *Boone* v. *People,* 148 id. 440; *Pike* v. *City of Chicago,* 155 id. 656; 2 Ency. of Pl. and Pr. 755.

It was the right of defendant's counsel to interrupt and object to improper argument and to require the ruling of the court on their objection, but they did not see fit to insist upon that right. No exception was taken to the ruling that there should be no interruption. There was no ruling or action by the court concerning any part of the argument, and there is therefore nothing to be considered under the assignment of error that improper argument was indulged in.

The judgment will be affirmed.

*Judgment affirmed.*