THE QUINCY GAS AND ELECTRIC COMPANY

v.

BERNARD BAUMANN.

*Opinion filed June 16, 1903.*

1. EVIDENCE—*clothing worn by plaintiff at time of accident is admissible.* Clothing worn by the plaintiff at the time he came in contact with the live electric wire which caused his injury may be admitted in evidence in an action for damages, as tending to show the manner in which the injury was occasioned.

2. TRIAL—*mere exception to opposing counsel's remarks is unavailing.* Exceptions taken to the opposing counsel's argument are not sufficient to raise any question for review where no ruling by the court is obtained.

3. SAME—*a private protest to the court is not an objection.* Protest made by counsel to the court in an undertone, heard only by the court, against the argument of the opposing counsel, does not fairly amount to an objection.

4. SAME—*party should ask instruction to have improper remarks disregarded.* If the opposing counsel has made improper remarks in his argument to the jury before the court restrains him, the other party should ask for an instruction to require the jury to disregard such remarks.

*Quincy Gas and Electric Co.* v. *Baumann,* 104 Ill. App. 600, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Adams county; the Hon. JOHN C. BROADY, Judge, presiding.

GOVERT, PAPE & GOVERT, for appellant.

MCCRORY & DINES, and VANDEVENTER & WOODS, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment in the Appellate Court for the Third District affirming a judgment rendered in the circuit court of Adams county against the appellant for a personal injury sustained by Bernard Baumann, the appellee.

Appellant, on July 30, 1901, was operating an electric light plant and lighting the streets of the city of Quincy. One of its wires suspended between poles on Adams street, in that city, charged with electricity, broke, and the ends fell to the ground near the sidewalk. The first count of the declaration charges that the company permitted the broken wire to remain upon the sidewalk for two hours, and that the plaintiff, exercising due care, came in contact with one end of the wire so charged with electricity and was thereby seriously injured. The second count charged that the company carelessly permitted the wire to become weak, worn and defective, and by reason of its worn condition it broke and fell to the sidewalk, etc. The third charges that the wire was suspended so that it came in contact with a street car trolley pole, and was permitted to rub against and come in contact with a bolt, tap or nut on that pole, and that thereby the insulation on the light wire was burned or rubbed off, and that the company permitted the wire to so remain uninsulated and exposed, coming in contact with the pole, for a month prior to the injury, and that currents of electricity passed through the pole when it was wet from the rains, to the ground, causing the pole to take fire and break the wire, etc. The evidence shows that the electric wire, for more than a month prior to this date, was in contact with the street car pole, producing an arc, or, as some of the witnesses described it, causing the pole to burn, and it tended to show that arcing caused the wire to burn apart. Appellee, a child eleven years old, while passing along the street carrying a dinner basket, came in contact with the live wire lying upon the street and was severely burned, resulting in great injury, more or less permanent. The jury returned a verdict in favor of plaintiff for $10,000, upon which judgment was entered, motion for new trial being overruled.

Upon this further appeal from a judgment of affirmance in the Appellate Court, among the many errors

assigned, it is urged that the court erred in the admission and exclusion of evidence. During the trial the waist and pair of pants worn by the plaintiff at the time he was injured were offered in evidence, and it is contended that the court erred in admitting them, over the objection of the defendant. We perceive no error in this, as the clothing, identified as being worn by the plaintiff at the time of the accident, tended to illustrate the manner in which the injury was occasioned. Its introduction in evidence was at least a matter in the discretion of the court. *Tudor Iron Works* v. *Weber*, 129 Ill. 535; *Painter* v. *People*, 147 id. 444.

It is further objected that the court improperly refused to permit one of the attending physicians to answer this question propounded, on cross-examination, by counsel for defendant: "Who, if anybody, became responsible to you for the bill?"—referring to the bill for medical services rendered to the plaintiff. In the first place, the question was not strictly proper cross-examination; but when the whole examination of the witness, as shown by the record, is considered, it appears that he answered the question, stating that Mrs. Fisher, an aunt of the plaintiff, said she would be responsible for the bill. There is no substantial error in the ruling of the court on that point.

The other objections urged to the admission and exclusion of evidence are without substantial merit, and need not be further considered.

During the argument to the jury one of the counsel for plaintiff, in urging a large verdict, cited other cases in which large verdicts had been awarded for personal injuries. It is now insisted that such remarks were improper and prejudicial to the case, and that the court erred in permitting them. The abstract shows that during these remarks counsel for defendant approached the court, and in a tone not loud enough to be heard by either the speaker or the jury, said: "I object to the remarks

of plaintiff's counsel; I object to his referring to what was done in other cases;" whereupon the court, in an undertone, said to him, in substance, "As long as he does not read from the cases I think he may do so." Thereupon defendant, by its attorneys, excepted. The court then stopped the speaker, saying to him, in substance, "An objection is made by counsel for defendant to your commenting upon what was done in other cases," whereupon the speaker made no further reference to other cases. The conversation occurring between the judge and counsel for defendant appears not to have been understood by the former to be an objection, but a private conversation. When counsel undertook to note an exception to a supposed ruling of the court, the latter thereupon informed the speaker that an objection had been made to his remarks. The court, in effect, put an end to the objectionable argument in accordance with the desire of the objector, and, it would seem, did all it was asked to do at that time. No ruling was made by the court to which an exception could be taken. Exceptions taken to opposite counsel's argument are not sufficient to raise any question for review when no rulings by the court are obtained. (*West Chicago Street Railroad Co.* v. *Sullivan,* 165 Ill. 302; *North Chicago Street Railroad Co.* v. *Shreve,* 171 id. 438, and cases there cited.) While objections are always addressed to the court, the purpose is also to notify opposing counsel that such objections are made, and in this case, had the objection been made openly, so as to be heard by the speaker, it is reasonable to suppose he would have discontinued his address until the court had ruled upon the objection. The protest in a private conversation with the court did not fairly amount to an objection. Furthermore, counsel for defendant offered no instruction directing the jury to disregard the objectionable remarks of counsel, and should not now be permitted to urge the objection. (*City of Chicago* v. *Leseth,* 142 Ill. 642; *West Chicago Street Railroad Co.* v. *Waniatta,* 169

id. 17; *Illinois Central Railroad Co.* v. *Beebe,* 174 id. 13.) As said by this court in the latter case cited, after the court made a remark to the one addressing the jury, which amounted, in substance, to a sustaining of the objection so made, counsel for the appellant did not ask the court for any further ruling upon the subject, but were content therewith.

It is also said that certain other remarks made in the closing argument to the jury in behalf of appellee were objectionable, in that they attacked corporations generally, in such a manner as to incite prejudice in the minds of the jury. The remarks were improper, but the manner of calling the court's attention thereto was the same as that employed in protesting against any reference to verdicts in other cases, namely, in a private conversation with the judge. However, the court thereupon addressed the speaker, saying, "Do you mean by your remarks to the jury that the fact that the defendant in this case is a corporation should make any difference in the verdict in this case?" to which he replied, "No; a thousand times no." It had the effect of ending the objectionable remarks, and the action of the court, fairly interpreted, was one sustaining the objection of counsel, if he can be said to have properly presented an objection. Nor was any instruction asked in this instance attempting to correct any supposed evil influence upon the minds of the jury occasioned by the latter remarks.

We perceive no error in the giving or refusing of instructions. Counsel urge several errors in that regard, but upon a careful examination of the instructions as a whole we are of the opinion they fairly presented to the jury the law applicable to the facts of the case,—at least no prejudicial error to the defendant was committed in the giving or refusing of any of them.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*