## William H. Goodrich et al., Appellees, v. Chicago Great Western Railway Company, Appellant.

### Gen. No. 5,120.

1. EVIDENCE—*when substantive proof competent.* The introduction of substantive evidence is within the sound discretion of the court.

2. VERDICTS—*when special finding inconsistent with general verdict.* If the jury, by a special finding, expresses inability to find the preponderance of the evidence in favor of the plaintiff upon a fact essential to the maintenance of the action, such special finding is inconsistent with a general verdict in favor of the plaintiff.

Action on the case. Appeal from the Circuit Court of Stephenson

county; the Hon. Richard S. Farrand, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed March 24, 1909.

J. B. Stephens, for appellant; A. G. Briggs, of counsel.

J. A. Crain, for appellees.

Mr. Presiding Justice Thompson delivered the opinion of the court.

This is an action on the case brought by William H. Goodrich and Charles C. Goodrich, appellees, against the Chicago Great Western Railway Company, appellant, to recover damages for killing five horses and injuring two others belonging to the appellees, by a train on appellant's railway  The horses got upon the railroad track from the farm of appellees at a railroad farm crossing, through a gate which it is alleged was unsuitable and insufficient to prevent horses and stock from getting on said railroad.

The appellees' farm buildings are on the south side of the railroad and from the north side a lane leads from the crossing to appellees' pasture.  The gate at the north side of the right of way was a sixteen foot sliding gate four feet high, separating the lane from the right of way.  The gate as described by both parties is that ordinarily seen, that slides between two posts at either end; at the end at which it turns the upper board is on a cross piece attached to the posts, one of which is a little forward of the other.  At the other end the two upper boards project beyond the rest of the gate.  By means of these boards projecting between the posts the gate when closed is raised off the ground and rests upon cross pieces or cleats nailed to the posts.  When it is desired to open the gate it is slid back from between the posts at the end that opens and is then carried around as far as desired, that end of the gate having to be lifted up to open it.  The evidence of appellees tended to show that

the gate was old and dilapidated; that the top board was gnawed by the horses and one of the two cross pieces at the fastening end was loose and broken off; that the gate because of its condition would open by shaking; that horses and cattle by rubbing against it had opened it and a strong south wind had blown it open, and that complaint of the insufficiency of the gate had repeatedly been made by appellees to appellant's section boss. The appellant claimed the gate was sufficient to turn stock unless left open by parties going through it. One of the appellees testified that on the evening of August tenth, about six o'clock, he drove their cattle from the pasture to the barnyard, leaving the horses in the pasture, and that he closed the gate. At about nine o'clock that evening the horses had got on the track through the gate and a train of appellant ran into the herd, doing the damage. The next morning the gate was found open about two feet, and tracks showed the horses had gone through the gate in single file. One of the appellees made an affidavit that the gate was securely closed the evening before the horses were killed, and stated he could not tell how the gate came open, unless some outsider left it open or the horses rubbed it open. The jury returned a verdict in favor of appellees for $525 and an attorney's fee of $150.

The appellant had the gate in court and offered it in evidence to show its condition—that it was not rotten and dilapidated. The court sustained an objection to this offer. Error is assigned on this ruling. The introduction of substantive evidence is within the sound discretion of the court, and the admission of the gate if properly identified as the one in question, would not have been error. Quincy Gas & Elec. Co. v. Baumann, 203 Ill. 295; Painter v. People, 147 Ill. 444; Tudor Iron Works v. Weber, 129 Ill. 535; 4 Ency. of Ev. 272. There was much oral testimony concerning the condition of the gate offered by both parties and

admitted, and the sustaining the objection to the admission of the gate was not reversible error.

The jury was asked to specially find: "Are you able to say from a preponderance of the evidence by what or by whom the gate in question was opened on the night in question and before the horses went upon the track?" This was answered "No." This finding of the jury, it is urged, is inconsistent with the general verdict. The only claim of appellees upon which the judgment can be sustained on the evidence is that the gate was so defective that the stock could open it and did open it. The affidavit of one of the appellees showed that the gate was either left open by some person going through or was rubbed open by the horses. Under this showing it is necessary for the jury to find from a preponderance of the evidence that it was opened by the horses or the general verdict for appellees cannot be sustained. Section 79 of the Practice Act of 1907 provides for special verdicts. The provision is: "when the special finding of fact is inconsistent with the general verdict, the former shall control the latter and the court may render judgment accordingly." Manifestly if the gate was opened and left open by the negligence of some person, then the horses were not killed because of the negligence alleged in the declaration, and the general verdict cannot be sustained. Unless the jury should find from a preponderance of the evidence that the gate was opened by the stock because of its unsafe maintenance by appellant, and that the appellant either had or ought to have had knowledge of such unsafe condition and repaired the same, the verdict must be set aside. Indianapolis & St. L. R. R. Co. v. Hall, 88 Ill. 368. The jury having by its special verdict found that they were unable to say the gate was opened by the stock, the judgment is reversed and the cause remanded.

*Reversed and remanded.*