## Chicago & Joliet Electric Railway Company v. Edward Herbert.

### Gen. No. 4,392.

1. VERDICT—*when, not excessive.* A verdict of $900 is not excessive where it appears that the plaintiff's lip was cut through to the teeth and two of his teeth loosened; that a cut about an inch long had to be stitched; that the injury to the lip did not fully heal, and that he was otherwise injured.

2. VERDICT—*when, not disturbed.* A verdict based upon conflicting evidence will not be disturbed unless it is manifestly against the weight of the evidence.

3. REMARKS OF COUNSEL—*when, will not reverse.* Remarks of counsel as follows: "The defendant railway company spares no money, no means, nothing, to defend their cases," will not reverse where it appears that such remarks were objected to and the objection thereto sustained.

Action on the case for personal injuries. Appeal from the Circuit Court of Will County; the Hon. CHARLES B. GARNSEY, Judge, presid-

ing.  Heard in this court at the April term, 1904.  Affirmed.  Opinion filed August 24, 1904.

E. Meers, for appellant.

George N. Blatt and S. Louis Lagger, for appellee.

Mr. Presiding Justice Farmer delivered the opinion of the court.

Appellee sued appellant for personal injuries received while a passenger on appellant's electric railway between Lockport and Joliet.  Between the two cities appellant's railway runs north and south and crosses a switch track of the Chicago & Alton Railroad running east and west.  Late at night, somewhere near midnight, as the car was going from Lockport to Joliet, at considerable speed, it collided with a switch engine on the Chicago & Alton track that was backing out of the yards and pulling a number of freight cars.  The results of the collision to the engine show that the car was going at a pretty high rate of speed and it is not denied that appellant was guilty of negligence in its management, but it is claimed that the amount of the verdict and judgment for $900 is excessive.  It is insisted by appellant that appellee was successfully contradicted in some parts of his testimony relating to the manner in which he received the injuries complained of and of their nature and extent.  Considerable stress is laid upon the circumstance that appellee testified he was injured by being thrown forward against the seat in front of him which he says ran crosswise of the car, while appellant proved by several witnesses that the seats in the apartment of the car occupied by appellee did not run crosswise of the car, but that there were just two seats in that part of the car and they were on opposite sides and lengthwise of the car.  From this it is argued that appellee's testimony as to the extent and seriousness of his injuries, about which the evidence is also conflicting, cannot be relied upon and should not be given great weight.  The evidence showed that as a result of the accident appellee's lip was cut through to the teeth and two teeth loosened.  The cut was about

an inch long and had to be stitched. He also claims to have been otherwise seriously injured, especially in one jaw and in an arm and shoulder. It is denied by appellant that these latter injuries existed in fact, and it is argued that the weight of the credible evidence is not with appellee on this proposition, and leaving out of consideration those injuries, the damages awarded appellee are excessive.

That appellee was painfully hurt at the time of the accident cannot be denied. That he in some way came in contact with something with such force as to cut a gash one inch long through his lip and loosen two teeth is clearly proven. This was by no means a slight matter, and whether it was done by appellee being thrown against a seat in front of him or in some other manner, is not very important. The two injured teeth appear to have recovered, but the evidence tends to show that the wounded lip has not made a successful recovery.

Appellee testified that either hot or cold drinks caused pain, and that being out in cold weather so affected his lip that it would not hold the saliva in his mouth, and it would run down on his chin and on his clothing. His physician testified that there was a varicose condition of the veins of the inner surface of the lip, and that it is sensitive to heat and cold. Appellee testified, and his testimony in this respect was corroborated by his physician and a hired man, that his jaw was so painfully injured that it was some weeks before he could eat without pain; also that one arm and shoulder were injured so as seriously to interfere with their use and that they have not completely recovered. Appellant's evidence, including the testimony of its surgeon, who was the first doctor to see appellee after the injury, tended to contradict this testimony.

Our opportunities for determining what witnesses are entitled to the greater credit, and on which side the weight of the credible evidence is, are not nearly so good as those of the trial court and jury. It has very properly been held that an appellate tribunal should give great weight to the verdict and judgment in the trial court, and that where the

evidence is conflicting they will not be disturbed unless manifestly against its weight. Gill v. Crosby, 63 Ill. 190; Shevalier v. Seager, 121 Ill. 564; Masonic Fraternity Temple Assn. v. Collins, 110 Ill. App. 504.

This is not a case where an Appellate Court would be justified in interfering with the judgment on the ground that it is excessive. Neither do we believe any prejudicial error was committed by the court in its rulings on the admission of testimony.

Appellant claims that appellee's counsel indulged in improper remarks in his closing address to the jury, and that they were of a character calculated to influence the jury against appellant. The objectionable remarks were that "the defendant railway company spares no money, no means, nothing, to defend their cases." Upon objection of counsel for defendant the court stated "there is no evidence of that." This was in effect sustaining the objection and informing the jury that the objectionable remarks were not based on any evidence, and no further action of the court was asked by defendant. This circumstance would not justify a reversal of this judgment. I. C. R. R. Co. v. Beebe, 174 Ill. 13; Quincy Gas & Elec. Co. v. Baumann, 203 Ill. 295; Joliet Street Ry. Co. v. Call, 143 Ill. 177; West Chicago Street R. R. Co. v. Annis, 165 Ill. 475.

The judgment is affirmed.

*Affirmed.*