## James B. Paden, Defendant in Error, v. Chicago, Rock Island & Pacific Railway Company, Plaintiff in Error.

### Gen. No. 6,142.    (Not to be reported in full.)

Error to the Circuit Court of La Salle county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed December 27, 1915. Rehearing denied February 1, 1916.

### Statement of the Case.

Action by James B. Paden, plaintiff, against the Chicago, Rock Island & Pacific Railway Company, defendant, to recover damages for personal injuries sustained as a result of the car from which he was unloading coal being struck by another car with such force as to throw plaintiff to the ground. From a judgment for plaintiff, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Plaintiff was a teamster, and was unloading coal from a car that had been placed on a side track by the defendant, and while so engaged a switching crew of the defendant shoved another car against the one from which the plaintiff was taking coal, with such force as to throw him to the ground and injure him.

The declaration charged that the defendant in the use and operation of its railroad had a team or merchandise track connected with its road in the Village of DePue, in the County of LaSalle, which track was used by the defendant in placing cars thereon containing freight, so that parties entitled thereto might be enabled to unload said freight from said cars, or load freight into the cars; that on January 12, 1914, the plaintiff was engaged in unloading certain freight from one of the cars so used and operated by the defendant while said car was standing upon the said merchandise track.

The only instruction given at the instance of plaintiff. was on the measure of damages. The injury claimed was an aggravation of a hernia, from which the plaintiff had been some time suffering, and there was evidence before the jury as to a surgical operation performed on plaintiff after the time in question. The instruction complained of informed the jury that if they found the defendant guilty in assessing damages "they should take into consideration all the facts and circumstances shown by the evidence before them; the nature and extent of the plaintiff's physical injuries, if any, so far as the same are alleged in the declaration and shown by the evidence."

The court, at the instance of the defendant, instructed the jury that the damages must be confined to such as were the natural proximate result of the defendant's neglect; that the burden of proof was on the plaintiff to show his injuries were caused by the defendant's neglect, and if they believed that the injuries

from which plaintiff complained resulted from other causes than the defendant's negligence that the complainant could not recover anything for injuries, and specifically told them if they found from the evidence that the condition of the plaintiff's rupture which necessitated the operation he underwent did not result from the accident of which he complains as a natural and proximate consequence, but was a condition in no way connected therewith, then in determining what his damages were they should leave out of consideration the fact of the operation, the time lost thereby, and the expense paid and suffering connected therewith.

WILLIAM D. FULLERTON and A. B. ENOCH, for plaintiff in error.

THOMAS N. HASKINS and BUTTERS & CLARK, for defendant in error.

MR. JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. PLEADING, § 466*—*when defects or omissions in, cured by verdict.* Where there is any defect, imperfection or omission in any pleading, whether in substance or in form, which would have been a fatal objection on demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so imperfectly or defectively stated or omitted, and without which it is not to be presumed that the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by the verdict.

2. PLEADING, § 466*—*when defective declaration in action for negligent injuries cured by verdict.* In an action by a teamster for damages for personal injuries sustained as the result of the car from which plaintiff was unloading coal on a sidetrack of a railroad company being struck by another car being switched on the track by the company's servants, a declaration which failed to allege

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Paden v. Chicago, Rock Island & Pacific Ry. Co., 200 Ill. App. 100.

that plaintiff was lawfully on such side track, *held* good after verdict.

3. DAMAGES, § 205*—*when instruction that damages can only be based upon injury complained of is necessary.*  Where a plaintiff in a personal injury action is suffering disability that may have arisen only in part from the injury complained of, instructions as to the measure of damages that might otherwise be good should be carefully guarded, and the jury clearly informed that damages can be based only upon the injury complained of.

4. DAMAGES, § 202*—*when instruction on measure of damages for personal injuries not misleading.*  In an action for damages for personal injuries sustained by a teamster engaged in unloading coal from a car on a railroad side track, as the result of the car being struck by another car so as to cause plaintiff to fall to the ground, an instruction on the measure of damages that if the jury found the defendant guilty in assessing damages "they should take into consideration all the facts and circumstances shown by the evidence before them, the nature and extent of plaintiff's physical injuries, if any, so far as the same are alleged in the declaration and shown by the evidence," *held* not misleading where the court gave other instructions limiting the plaintiff's damages to such as were the proximate result of the defendant's neglect, and were not due to other causes, and specifically told them that if they found from the evidence that the condition of plaintiff's rupture which necessitated the operation he underwent did not result from the accident as the natural and proximate consequence thereof, then, in determining the damages, they should leave out of consideration the fact of the operation, the time lost thereby, and the expense paid and suffering connected therewith.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.