# William F. Wagner, Defendant in Error, v. Chicago, Rock Island & Pacific Railway Company, Plaintiff in Error.

## Gen. No. 6,141.

1. MASTER AND SERVANT, § 98*—*when Federal Employers' Liability Act applies.* The Federal Employers' Liability Act applies only when the carriers and their servants are both engaged in interstate commerce.

2. MASTER AND SERVANT, § 302*—*when defense of assumed risk unavailable.* The defense of assumed risk is unavailable in an action by an employee engaged in interstate commerce, where the injuries are the result of failure to comply with the Federal Safety Appliance Act.

3. MASTER AND SERVANT, § 98*—*when declaration in action under Federal Employers' Liability Act must allege parties engaged in interstate commerce.* In an action by a railroad employee for damages for personal injuries, in order that plaintiff may bring himself within the requirements of the Federal Employers' Liability Act, he must aver in his declaration that the parties were at the time engaged in interstate commerce.

4. PLEADING, § 476*—*when defective and ambiguous allegation cured after verdict.* A defective and ambiguous allegation in a declaration in an action for personal injuries by a railroad employee

against a railroad engaged in interstate commerce under the Federal Employers' Liability Act, as to the plaintiff and defendant being engaged in interstate commerce, is cured after verdict.

5. COMMERCE, § 4*—*when evidence sufficient to establish prima facie case that employee engaged in interstate commerce.* In an action by a railroad switching foreman for damages for injuries sustained as the result of his foot being crushed between two loaded foreign cars while attempting to loosen a coupler of one of them by kicking it, evidence *held* sufficient to establish a prima facie case that plaintiff was engaged in interstate commerce.

6. APPEAL AND ERROR, § 1618*—*when error in admitting secondary evidence cured.* Any error in admitting secondary evidence as to the contents of documents without first laying a proper foundation therefor is cured where it subsequently appears that the party offering such evidence caused a *subpœna duces tecum* to issue for such documents and was unable to find them.

7. MASTER AND SERVANT, § 704*—*when noncompliance with Safety Appliance Act proximate cause.* In an action by a railroad switching foreman for damages for personal injuries sustained as the result of his foot being crushed between two cars used in interstate commerce, while attempting to kick loose a defective coupler for the purpose of coupling such cars, evidence *held* sufficient to show that the failure of the railroad company to comply with the Federal Appliance Act contributed to and was the proximate cause of the injury to plaintiff.

8. MASTER AND SERVANT, § 801*—*when instruction stating Federal statute in action under Federal Employers' Liability Act correct.* In an action under the Federal Employers' Liability Act by a railroad switchman engaged in interstate commerce, for injuries sustained due to a defective car coupler, an instruction stating the Federal statute approved.

9. EVIDENCE, § 74*—*when evidence as to defective condition of coupler on car other than one alleged to be defective admissible as part of res gestæ.* In an action under the Federal Employers' Liability Act by a railroad switchman, for damages for injuries sustained as the result of the crushing of his foot while attempting to kick loose a defective coupler on one of two cars engaged in interstate commerce, which he was attempting to couple, evidence as to the defective condition of the coupler on the other car *held* admissible as part of the *res gestæ*, although the condition of the coupler of the other car was alone complained of in the pleadings.

10. EVIDENCE, § 74*—*when evidence as to manner of cars being coupled coming together admissible as part of res gestæ.* In an ac-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

Wagner v. Chicago, Rock Island & Pacific Ry. Co., 200 Ill. App. 305.

tion under the Federal Employers' Liability Act for damages for personal injuries to a railroad switchman, sustained as the result of the defective condition of a coupler on one of two interstate cars which he was attempting to kick loose for the purpose of coupling the cars, *held* that evidence as to the manner of the cars coming together was admissible as part of the *res gestœ.*

11.  EVIDENCE, § 148*—*when plaintiff may exhibit injured limb to jury in action for personal injuries.* In an action for damages for personal injuries to a leg of a person negligently caused, it is permissible for the plaintiff to exhibit the injured limb to the jury.

12.  DAMAGES, § 122*—*when verdict for injury to foot of railroad switchman not excessive.* In an action by a railroad switchman under the Federal Employers' Liability Act for damages for injury to his foot while attempting to kick loose a defective car coupler, *held* that a verdict for $8,000 was not excessive.

13.  APPEAL AND ERROR, § 1772*—*when judgment not reversed.* A judgment will not be reversed for slight errors.

14.  MASTER AND SERVANT, § 430*—*when defense of contributory negligence unavailable.* In an action under the Federal Employers' Liability Act, the defense of contributory negligence is unavailable where the injuries are the result of the failure to comply with the · Federal Safety Appliance Act.

15.  MASTER AND SERVANT, § 567*—*when presumed that railroad performing duty to deliver car to destination at time of injury to employee.* In an action under the Federal Employers' Liability Act by a railroad switchman for damages for personal injuries sustained while attempting to kick loose a defective coupler on one of two cars alleged to be in use in interstate commerce, where it appeared that the car with the defective coupler was on a side track and was partly unloaded, but that plaintiff was about to move it to the building of the consignee where it was to be loaded for shipment to another State, *held* that it would be presumed that it was the duty of the defendant to deliver the car to the consignee and that defendant was delivering it at the time of the accident, notwithstanding defendant had permitted it to be opened before it reached its final destination.

Error to the Circuit Court of La Salle county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 14, 1916. Rehearing denied May 24, 1916.

WILLIAM D. FULLERTON and A. B. ENOCH, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

FRANK H. HAYES and BUTTERS & CLARK, for defendant in error.

MR. JUSTICE CARNES delivered the opinion of the court.

August 21, 1912, William F. Wagner, about thirty-six years old, plaintiff below (defendant in error here), was employed by the Chicago, Rock Island and Pacific Railway Company, defendant below (plaintiff in error here), as foreman of a switching crew operating in its yards at Morris, Illinois. In the course of his employment that day he undertook to couple two cars, one of them equipped with a "Major" coupler, and the other with a "Gould" coupler. He had before discovered that the knuckle of the Major coupler was not in working order, and had closed it. It was only necessary to have the knuckle of one of the couplers in order. As the Major car was moved by the engine towards the Gould car he went to the Gould coupler and attempted to adjust the knuckle so that the coupling would be made. The knuckle was defective, and failing to adjust it with his hand he stepped back and kicked the coupler to loosen it. His foot was caught and crushed between the two cars. He brought this action to recover for that injury. The case was submitted to a jury on two counts of the declaration. The first intended to charge negligence arising from a violation of the Federal Safety Appliance Act, the second charging liability under the Federal Employers' Liability Act, and its amendments, but counting on a failure of the defendant to equip a car with such a coupler as is required by the Safety Appliance Act as the cause of the injury. Each count alleged, and the proof showed, that the defendant was engaged in interstate commerce. Whether the declaration sufficiently avers that the plaintiff was at the time and place employed by the defendant in interstate commerce, and whether the evidence shows that to be the fact, are questions much

controverted by counsel. The jury returned a verdict in favor of the plaintiff for $8,000 and the court, after overruling motions by the defendant for a new trial and in arrest of judgment, entered judgment for that amount.

It is obvious if a servant is employed in interstate commerce at any given time and place, his master is also then and there so engaged. But the converse is not necessarily true. The defendant in this case is all the time engaged in interstate commerce, but many of its employees are at different times and places not so employed. The Federal Act applies only when the carriers and their employees are both engaged in interstate commerce. (*Second Employers' Liability Cases,* 223 U. S. 1, 49 [1 N. C. C. A. 875]; *Illinois Cent. R. Co. v. Behrens,* 233 U. S. 473 [10 N. C. C. A. 153].) If at the time in question the plaintiff was employed in interstate commerce and his injury resulted from a failure of the defendant to comply with the Federal Safety Appliance Act, the questions of contributory negligence and assumed risk are eliminated. The Federal Employers' Liability Act is quoted in part, and many questions arising thereunder discussed in *Staley v. Illinois Cent. R. Co.,* 268 Ill. 356. It is provided in section 3 of the Act that the employee shall not be held "guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." And in section 4, that the employee "shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee."

It is argued that the Federal Employers' Liability Act gives a new right or privilege and that the party claiming such right must bring himself within the requirement of the statute in his pleading; must show

that he comes within the circumstances or possesses the conditions or qualifications named by the statute as requisite to the right or privilege claimed; and *Gillespie v. Fulton Oil & Gas Co.,* 236 Ill. 188, is cited in support of that general rule, and said that under that rule it is imperative that the plaintiff should aver in his declaration, in words or substance, that he was, at the time and place in question, engaged in interstate commerce. We think it true that the declaration must show facts from which it appears that the parties were engaged in interstate commerce. There has been conflict and diversity of opinion in the State courts in relation to necessary pleadings under the statute, as will be seen by reference to Roberts Injuries Interstate Employees, section 150, and following sections, and in *Toledo, St. L. & W. R. Co. v. Slavin,* 236 U. S. 454, language is used which carelessly read might indicate that there could be no recovery without the averment. In that case the pleadings contained no reference to the Employers' Liability Act. The trial court denied the defendant's right to interpose a defense under that act. The United States Supreme Court held that the defendant had a right to disprove liability by showing that the injury had been inflicted while the plaintiff was employed in interstate business, and said: "If without amendment, the case proceeded with the proof showing that the right of the plaintiff and the liability of the defendant had to be measured by the Federal statute, it was error not to apply and enforce the provisions of that law;" but it did not say that the case, without amendment, might proceed to judgment for the plaintiff. And in the earlier case of *Brinkmeier v. Missouri Pac. Ry. Co.,* 224 U. S. 268, it was held in an action under the Safety Appliance Act that it was necessary to allege that the car involved was engaged in interstate commerce, and that in the absence of such an allegation the pleadings did not state a cause of ac-

tion under the original act. But it is enough, if it was sufficiently averred, to be good after verdict.

The second count is admitted to sufficiently charge that the defendant was engaged in interstate commerce. After so alleging, it charges the defendant's duty to equip its cars with couplers coupling automatically by impact, and which could be coupled or uncoupled without the necessity of a person going between the ends of the cars to couple or uncouple the same, and its duty not to use or permit to be used on its said railroad cars not so equipped. It then refers to the Act of Congress creating liability in damages to persons suffering injury while employed by such carriers in such commerce resulting from any defect or insufficiency due to its negligence; avers that at the time and place in question the defendant used the car with the defective coupler in question, and adds: "That it then and there became and was the duty of the plaintiff, as such switchman and employee of the defendant engaged in interstate commerce, as aforesaid, at to-wit: the City of Morris, aforesaid, to couple such car so equipped with said defective, broken and inoperative coupler, onto a certain other car then upon the track of the defendant." The clause "as such switchman and employee of the defendant engaged in interstate commerce," may be read signifying that the plaintiff was so engaged, or that the defendant was so engaged. The pleading is ambiguous and would have been bad on demurrer, but we are inclined to hold it good after verdict on the authority of *Sargent Co. v. Baublis,* 215 Ill. 428, and authorities there cited, and other authorities cited by us in *Jacobson v. Ramey,* Gen. No. 6,076, 200 Ill. App. 96; and *Paden v. Chicago, R. I. & P. Ry. Co.,* Gen. No. 6,142, 200 Ill. App. 100. Therefore, the motion in arrest of judgment based on the assumed insufficiency of the declaration was properly overruled.

It is contended that the evidence does not show that

the plaintiff was employed in interstate commerce. He testified that the car with the Major coupler was delivered in the yards on the morning of the accident or the evening before; that it was billed from Tennessee and loaded with cotton seed meal to be delivered to the Quaker Oats people; that the car with the Gould coupler was shipped from Tennessee to the Quaker Oats people and loaded with cotton seed, and was being unloaded and that he was about to move it from where it stood on the track down to the Quaker Oats building, where it was to be loaded for Pennsylvania shipment; that there were then in the yard cars to deal with from all the railroads, the New York Central, the Wabash, the Pere Marquette, and from all over the United States; that the car with the Major coupler was a foreign car. This evidence, if competent, was sufficient to make a prima facie case. *Mattocks v. Chicago & A. Ry. Co.*, 187 Ill. App. 529; *Devine v. Chicago, R. I. & P. Ry. Co.*, 185 Ill. App. 488. In the latter case there was only the testimony that there were some cars in the train going out of the State and some going to points in the State. The Appellate Court said the evidence was slight, but was not contradicted, and held it sufficient. The case was affirmed by the Supreme Court and reported in 266 Ill. 248. But it is claimed that this evidence was not competent because plaintiff testified on cross-examination that he obtained his information as to the origin of the cars from waybills that he inspected in the course of his duty as switchman for the company. The court overruled the defendant's motion to exclude this testimony. Appellee argues that the testimony was competent as a fact coming to the witness' knowledge in his usual course of business, falling within the rule announced in *First Nat. Bank of Decatur v. Priest*, 50 Ill. 321; *Weaver v. Crocker*, 49 Ill. 461, 464; and the *Chicago, B. & Q. R. Co. v. George*, 19 Ill. 510. But we think it unnecessary to de-

termine that question, because it afterwards appeared during the trial that the plaintiff had caused a *subpœna duces tecum* to issue for the production of papers, including such waybills, and the defendant was unable to find them. If this testimony had been first introduced, secondary evidence of the waybills would have been proper when offered, and if it should have been excluded when offered because of the lack of such evidence at that time, the error was cured when it afterwards appeared that the originals were lost.

We conclude that the allegations and proofs each sufficiently show that the plaintiff was employed in interstate commerce; that the failure of the defendant to comply with the Federal Appliance Act contributed to and was the proximate cause of the injury. It follows that under sections 3 and 4 of the Federal Employers' Liability Act there is no question of contributory negligence or assumed risk involved. (*Lucas v. Peoria & E. Ry. Co.*, 171 Ill. App. 1, in which certiorari was denied by the court.)

Plaintiff's second instruction is complained of. It undertook to state the Federal statute and was patterned after a similar instruction that was approved by the court in *Devine v. Chicago, R. I. & P. Ry. Co.*, 185 Ill. App. 488, 496. That case was affirmed by the Supreme Court (266 Ill. 248), and the instruction held good. The reasoning of the Supreme Court in that case applies to the objections raised here. It is argued that the court erred in refusing instructions offered by defendant. We are of the opinion that the instructions, as a whole, presented the law to the jury quite as favorably as the defendant could ask. We find no error in giving or refusing of instructions.

It is argued that the court erred in permitting evidence as to the defective condition of the Major coupler, because it is said it was the Gould coupler that was complained of in the pleadings and the jury's attention should have been confined to that. A similar

question is raised as to the introduction of evidence as to the manner of the cars coming together. This testimony was a part of the *res gestæ*. It was necessary to describe the occurrence, and how it happened.

It is assigned as error that the plaintiff was permitted to exhibit the injured limb to the jury. Such evidence is permissible. *Chicago Terminal Transfer R. Co. v. Kotoski,* 199 Ill. 383. There are some exceptions and modifications to the rule. The Illinois cases are collected in MacNeil's Illinois Evidence, page 505. We find nothing in the action of the court in that regard contrary to established rules.

It is also argued that the Gould car had reached its destination because it stood on a side track and had been partly unloaded. We assume that the defendant's duty was to deliver it to the Quaker Oats people, and that it was performing that duty, notwithstanding it had permitted it to be opened before it reached its final destination.

It is urged that error was committed in statements of plaintiff's counsel in their argument to the jury. We find no serious error in that respect. There is little controversy about the facts. If we have reached the right conclusion as to the law there is not much doubt of the plaintiff's right of recovery, and slight errors should not affect the judgment. We cannot say from the evidence that the damages were excessive. We find no substantial error in the record, and the judgment is therefore affirmed.

*Affirmed.*