## John J. Simonich, Appellee, v. Chicago and Alton Railroad Company, Appellant.

## Gen. No. 6,723.

1. APPEAL AND ERROR, § 1595*—*when defect in pleading is cured by verdict.* Where there is a defect or imperfection in a pleading, whether of form or substance, which would have been a fatal objection on demurrer, yet of such a character that if issue be joined thereon, it would necessarily require, on the trial, proof of the facts defectively or imperfectly stated or omitted, and without which proof it is not to be presumed that the trial judge would direct the jury, or the jury would have given the verdict, then such defect, imperfection or omission is cured by the verdict.

2. APPEAL AND ERROR, § 1611*—*when defect in failing to allege manner of injury is cured by verdict.* In an action under the Federal Employers' Liability Act to recover for personal injuries alleged to have been received through the negligence of another employee of defendant in causing or permitting a bale of cotton, which such employees were unloading from defendant's car, to fall upon plaintiff, any defect or omission in failing to state in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

declaration the particular fact or circumstance under which the employee caused or permitted the bale of cotton to fall and strike plaintiff is cured by the verdict.

3. MASTER AND SERVANT, § 697*—*when negligence of coemployee is established.* In an action under the Federal Employers' Liability Act to recover for injuries received from the fall of a bale of cotton alleged to have been caused through the negligence of another employee charged with the duty of watching the cotton, which plaintiff was unloading, and keeping it from falling, evidence *held* to warrant a finding that such employee was charged by the foreman with such duties and that he was negligent in performing them.

4. MASTER AND SERVANT, § 737*— *when negligence of coemployee is question of fact.* In an action under the Federal Employers' Liability Act to recover for injuries received from the fall of a bale of cotton, alleged to have been caused by the negligence of another employee who had been charged by defendant's foreman with the duty of watching the cotton and keeping it from falling, it is for the jury to determine whether or not such employee had been charged with such duties and was negligent in performing them.

5. MASTER AND SERVANT, § 206*—*when master is liable for negligence of fellow-servant.* While, under the Federal Employers' Liability Act, the servant assumes all the ordinary and usual risks incident to the employment in which he is engaged, the master is made liable not only for his own negligence but also for the negligence of a fellow-servant which may result in injury to his employees.

6. MASTER AND SERVANT, § 206*—*when negligence of fellow-servant is negligence of master.* In an action under the Federal Employers' Liability Act, the neglect of a duty with which a fellow-servant is charged by the master to assure the safety of his coemployees must be regarded as the master's negligence.

7. DAMAGES, § 128*—*when damages for injury to foot are not excessive.* In an action under the Federal Employers' Liability Act, where there is evidence warranting a finding that plaintiff's foot was permanently injured, and has become atrophied, deformed and practically useless for the rest of his life as a result of the injury and that he also suffered intense pain for a long period of time and from which he may never be entirely free, a verdict for $10,000, while large, cannot be justly regarded as excessive.

8. APPEAL AND ERROR, § 1631*—*when prejudicial effect of improper remarks of counsel is obviated by withdrawal.* A judgment

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Simonich v. Chicago & Alton Railroad Co., 217 Ill. App. 336.

for plaintiff in an action to recover for personal injuries will not be reversed on account of statements in the closing argument of plaintiff's counsel as to the amount paid by defendant to procure the services of one of its witnesses as an expert, though such remarks were improper, since there was no evidence that defendant paid such witness anything, where an objection was sustained to such remarks and plaintiff's counsel withdrew them and admitted before the jury that he was in the wrong in referring to a matter as to which there was no proof.

9. APPEAL AND ERROR, § 1652*—*when error in instruction as to negligence is cured by other instructions.* That an instruction given at plaintiff's request in an action to recover for personal injuries does not limit to the declaration the negligence for which it states a recovery may be had is not ground for reversal where, by defendant's instructions, the jury are expressly told that they have no right to find against defendant on any ground of negligence other than that stated in the declaration.

10. INSTRUCTIONS, § 159*—*how instructions are construed.* In passing upon the correctness of instructions, the several paragraphs thereof must be considered together.

11. DAMAGES, § 200*—*when instruction is not erroneous as incomplete.* In an action under the Federal Employers' Liability Act, it is not error, in an instruction which relates merely to the question of damages, to add, after defining the measure of damages "and if you believe from the evidence that the plaintiff was not guilty of any negligence which contributed to bring about his injury," without further instructing the jury that they must also find from the evidence that defendant was guilty of the negligence as charged.

12. MASTER AND SERVANT, § 430*—*what is effect of contributory negligence in action under Federal Employers' Liability Act.* In actions under the Federal Employers' Liability Act, contributory negligence, while not a defense, is a proper element to be considered by the jury in reduction of the amount of damages and may properly be adverted to in instructions concerning the measure of damages.

13. INSTRUCTIONS, § 151*—*when refusal of instruction is proper.* The refusal of an instruction upon a question sufficiently and correctly covered in other instructions is not error.

Appeal from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 21, 1920. *Certiorari* denied by Supreme Court (making opinion final).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

O'Donnell, Donovan & Bray, for appellant; Winston, Strawn & Shaw, of counsel.

Snapp, Heise & Snapp, for appellee.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

This is a suit brought by the appellee, John J. Simonich, in the circuit court of Will county, under the Federal Employers' Liability Act, against the appellant, Chicago & Alton Railroad Company, for personal injuries which he claims he suffered while in the employ of the appellant. The appellee was employed in the company's yard at Joliet as a freight handler. On the day of the injury, the appellant had received a freight car loaded with 63 bales of cotton, which had been shipped from Little Rock, Arkansas; there were 22 bales in the car to be transferred, and sent to Janesville, Wisconsin. The freight car in question had been placed upon a sidetrack in the freight yards of the company for the purpose of having the 22 bales of cotton for Janesville taken out; the balance of the cotton was to be forwarded in the car to Shelbourne Falls, Massachusetts. The car stood on the third track, near the freight house of the company, and west of the freight house platform; the tracks intervening were, occupied by vacant cars. In order to make the transfer, runways were laid down, connecting the car containing the cotton, with other cars alongside of it, and these intervening cars with the platform. The bales of cotton were approximately 5 feet long by 2 feet wide, and 2 feet in thickness. In loading the car, the bales had been packed standing up on end in rows of four, and a bale had been placed on the top of each row of four. The bales were heavy, weighing about 600 pounds apiece, covered with some kind of rough material, and bound

340     APPELLATE COURTS OF ILLINOIS.

Simonich v. Chicago & Alton Railroad Co., 217 Ill. App. 336.

with steel hoops. Those for Janesville were marked on the outside, to show their destination. The freight handler's crew, which had charge of the work of taking out the bales for Janesville, consisted of a foreman by the name of Samuelson, and four other men, namely, Tony Sallese, Albert Von Esch, Lawrence Von Esch and the appellee. Under the instructions of the foreman, 'the crew went to work on the day appellee was injured to take the Janesville bales out of the car and transfer them by means of trucks to the freight house platform. The crew started to work about 11 o'clock in the forenoon, put in the runways, and opened the east car door, and immediately began to remove the bales, first taking out those that were near the car door. The bales to be taken out were mixed to some extent with the other bales, so in order to get room to work, the crew under the direction and supervision of the foreman took out all the bales, which were in the space between the two doors of the car; and the bales thus taken out, which were for Janesville, were trucked over to the platform, and the others temporarily placed into one of the empty cars. Of the four men who constituted the crew, two had steel hooks to better enable them to handle the bales in pulling them out, and putting them onto the trucks. The other two, namely, Lawrence Von Esch and the appellee, were doing the work of trucking, to transfer the bales as indicated. The bales in the space between the doors of the car and some bales from the south end of the car had been taken out in the forenoon. Among the bales which had been left in the car, however, was one bale which had been left standing in its original position at the east side of the car immediately south of the east door. About noon the crew quit work, after getting out about 10 of the 22 bales of the Janesville shipment; some of the bales remaining in the car had been left standing singly without support.

The evidence tends to show that just before they quit their work at noon, the foreman directed Lawrence Von Esch to watch these bales and keep them from falling over. Apparently in order to comply with the foreman's direction, when the men returned in the afternoon about one o'clock, Lawrence Von Esch did not resume the work of trucking, but remained in the car to watch the bales and keep them from falling. Tony Sallese and Albert Von Esch went to work to pull out the bales, and the appellee alone did the trucking. Appellee had just transferred a bale of cotton to the platform and had come back with his empty truck, and according to the testimony of Tony Sallese, who witnessed the injury, appellee had entered the car, and the bale which had remained standing alone next to and south of the east door fell on the appellee, and at the time it fell, appellee was facing towards the north where Sallese and Von Esch were at work in the car, and apparently was in the act of going to assist them. He was knocked down, and his leg was caught and his foot crushed. This witness also testifies that when the bale fell on appellee, Lawrence Von Esch, who had been charged with the duty of watching the bales and keep them from falling, was standing in the car near the bale that fell, and near the appellee, but had his face turned looking in the opposite direction, that is, towards the west; and it is a reasonable inference from this testimony that at that time he was not paying any attention to, or watching this bale which was apparently in danger of falling. There was a trial by jury, and a verdict and judgment for appellee for $10,000 damages, from which this appeal is prosecuted.

One of the contentions made by appellant concerns the declaration. The original declaration filed consists of two counts. Afterwards two additional counts were filed. It is claimed by the appellant that

the case was tried on the negligence charge in the first count of the original declaration, and the first of the two additional counts; and that neither of these two counts state a cause of action. The allegations of negligence in the two counts are substantially the same, and they aver that at the time of the injury the appellee was at work for the appellant, in conjunction with other employees, in unloading from a certain freight car of the appellant, certain bales of cotton then being transported by the appellant in interstate commerce; and that while so at work with the other employees, and while the appellee was in the exercise of due care for his own safety, one of the other employees or servants of the appellant carelessly, negligently and wrongfully caused or permitted one of these bales of cotton to strike or fall upon and against the appellee with great force and violence, which caused his injury. It is true that the particular fact and circumstance under which the employee caused or permitted the bale of cotton to fall and strike the appellee is not stated, but any defect or omission in the count in that regard is cured by the verdict. The general rule is, that where there is a defect or imperfection in a pleading, whether of form or substance, which would have been a fatal objection upon demurrer, yet of such a character that if issue be joined thereon, it would necessarily require, on the trial, proof of the facts defectively or imperfectly stated or omitted, and without which proof it is not to be presumed that the trial judge would direct the jury to give, or the jury would have given the verdict, then such defect, imperfection or omission is cured by the verdict. *Hinchliff v. Rudnik*, 212 Ill. 569; 1 Chitty's Pleading 673; *Keegan v. Kinnare*, 123 Ill. 280; *Western Stone Co. v. Whalen*, 151 Ill. 472; *City of East Dubuque v. Burhyte*, 74 Ill. App. 99, and 173 Ill. 553; *N. K. Fairbank Co. v. Bahre*, 213 Ill. 636; *O'Rourke v. Sproul*, 241 Ill. 576; *Mueller v.*

*Phelps,* 252 Ill. 630. And this court so held in *Jacobson v. Ramey,* 200 Ill. App. 96; *Paden v. Chicago, R. I. & P. Ry. Co.,* 200 Ill. App. 100.

It is also contended by the appellant that the proof is insufficient to show negligence as charged. We are of opinion, however, that from the evidence the jury were warranted in finding that Lawrence Von Esch, who was a fellow-servant and working in conjunction with the appellee at the time of the injury, was charged by the foreman with the duty of watching the bale of cotton which fell on appellee, and to keep it from falling, and that he was neglecting his duty in that regard at the time the appellee was injured. It was the province of the jury to pass upon this question of fact, and under the circumstances here presented, this court would not be justified in disturbing the finding of the jury, on that question.

It is insisted by the appellant that the negligence of a fellow-servant is one of the risks which the appellee assumed by his employment, and that therefore the appellant is not liable. While, under the Federal Employers' Liability Act, the servant assumes all the ordinary and usual risks incident to the employment in which he is engaged, the master is made liable not only for his own negligence but also for the negligence of a fellow-servant, which may result in injury to his employee or servants. *Kusturin v. Chicago & A. R. Co.,* 209 Ill. App. 55, and 287 Ill. 306; *Boldt v. Pennsylvania R. Co.,* 245 U. S. 441. But the neglect of a duty with which a fellow-servant is charged by the master, to assure the safety of coemployees, must be regarded as the negligence of the master. *Chicago & A. R. Co. v. Maroney,* 170 Ill. 525.

It is also contended by the appellant that the verdict is excessive. If the testimony of Dr. Krohn were the only medical testimony in the case concerning the nature, extent and character of the appellee's injury, this point might be regarded as well taken; but there

is other evidence in the case which the jury undoubtedly considered in connection with Dr. Krohn's testimony. We are of opinion that the jury were warranted, from all the testimony on this subject, in concluding that appellee's foot was permanently injured, and has become atrophied, deformed and practically useless for the rest of his life as the result of the injury he received; and that the appellee also suffered intense pain for a long period of time, and from which he may never be entirely free. Under these circumstances the amount of damages fixed, while large, cannot be justly regarded as excessive.

Complaint is made of certain remarks of appellee's counsel in his closing argument concerning the amount of money paid by appellant to procure the services of the witness Dr. Krohn as an expert. There is no evidence to show that appellant paid anything, and these remarks were therefore improper; but an objection was sustained to them by the court, and the counsel withdrew his remarks, and in the presence of the jury admitted that he was in the wrong, in referring to a matter about which there was no proof. Under these circumstances, whatever prejudicial effect the error might have had was practically eliminated, and the point made is not now of sufficient gravity to justify a reversal of the judgment. *Chicago & J. Elec. Ry. Co. v. Herbert,* 115 Ill. App. 248.

Complaint is also made concerning the instructions given and refused. Appellant contends, that the sixth instruction given for the appellee does not correctly define the liability of a carrier for injuries suffered by a person employed in interstate commerce; that it contains an abstract proposition of law, and does not limit the negligence for which a recovery can be had to that charged in the declaration; and was in that respect misleading. We are of opinion that the instruction is a substantially correct statement of the law; and while it is true that the negligence for which

it states a recovery may be had was not limited to the declaration, the instruction must be considered in connection with instructions Nos. 17 and 25 given for the appellant, in which the jury are expressly told, that they have no right to find a verdict against the appellant on any ground of negligence other than that stated in the declaration. The seventh instruction for the appellee, which is complained of, is an instruction concerning measure of damages. The objection urged is, that it contains after the definition of the measure of damages the following sentence, "and if you believe from the evidence that the plaintiff was not guilty of any negligence which contributed to bring about his injury." It is insisted by the appellant that in this instruction, to make it a complete statement of the law, the court should have told the jury that they must also find from the evidence that the appellant was guilty of the negligence as charged. This instruction, however, related merely to the question of damages; and under the Federal Employers' Liability Act, the matter of contributory negligence, while not a defense, is a proper element to be considered by the jury in the reduction of the amount of damages, and it was therefore proper to call attention to this feature in the instructions concerning the measure of damages.

The appellant also complains, on account of refusal of instructions "A" and "B" concerning the questions of assumed risk. But it is apparent that the matter of assumed risk, and the question relating thereto, were sufficiently and correctly covered by other instructions; and there was no error therefore in the refusal of these instructions.

The record does not disclose any error in the rulings of the court on the admission or rejection of evidence. For the reasons stated, the judgment is affirmed.

*Affirmed.*